O’Donnell, J.
{¶ 1} The question we address in this appeal is whether the Court of Claims of Ohio has jurisdiction to entertain an appeal from a decision of the attorney general granting or denying an award of attorney fees for preparing an application for reparations on behalf of a claimant. In this case, the Court of Claims assumed jurisdiction over a decision of the attorney general awarding attorney fees. Subsequently, the attorney general obtained both a writ of mandamus directing the Court of Claims to vacate its decision and dismiss the appeal and a writ of prohibition ordering the Court of Claims to refrain from exercising jurisdiction over similar appeals from other attorney general decisions on attorney fees made pursuant to R.C. 2743.65.
{¶ 2} The Court of Claims now appeals as of right to this court, contending that it has jurisdiction over all matters related to appeals from decisions of the attorney general regarding awards of reparations, including awards or denials of attorney fees.
{¶ 3} The Court of Claims lacks jurisdiction to review decisions of the attorney general granting or denying payment of attorney fees in connection with an *245 award of reparations filed on behalf of a victim of a crime. Therefore, we affirm the judgment of the court of appeals.
Facts and Procedural History
{¶ 4} Attorney Jack Carney-DeBord submitted attorney-fee applications to the Ohio Attorney General requesting a total of $1,563.75 for representing Joseph Fletcher in connection with Fletcher’s application for crime-victim reparations. Pursuant to the provisions of R.C. 2743.65(A)(2), the attorney general made a maximum final award of $1,020 to Carney-DeBord.
{¶ 5} After the attorney general denied a request for reconsideration, CarneyDeBord appealed the award of attorney fees to the Court of Claims. The attorney general moved to dismiss that appeal, asserting that the court lacked jurisdiction to act, but a Court of Claims panel of commissioners denied that motion and affirmed the $1,020 attorney fee awarded by the attorney general. In re Fletcher (Feb. 9, 2009), Ct.Cl. No. V2006-20836. The attorney general then appealed the denial of the motion to dismiss for lack of jurisdiction, and on review of that appeal, a judge of the Court of Claims affirmed the decision of the panel, concluding that pursuant to R.C. 2743.53(A) and 2743.55(A), the Court of Claims had jurisdiction to hear an appeal from the attorney general’s award of attorney fees. In re Fletcher (July 2,2009), Ct.Cl. No. V2006-20836.
{¶ 6} The attorney general then sought both a writ of mandamus to compel the Court of Claims to vacate its decision and dismiss the appeal for lack of jurisdiction and a writ of prohibition to prevent the Court of Claims from reviewing similar appeals from other decisions of the attorney general granting or denying requests for attorney fees filed pursuant to R.C. 2743.65.
{¶ 7} The Tenth District Court of Appeals issued the requested writs, holding that the Victims of Crime Act provides no authority for the Court of Claims to review a decision of the attorney general granting or denying payment of attorney fees for preparing a claim for crime-victim reparations and explaining that the attorney general’s decision in this regard is final pursuant to R.C. 2743.65.
{¶ 8} The Court of Claims now appeals to this court as of right, contending that R.C. 2743.53(A), part of the Victims of Crime Act, vests it with appellate jurisdiction over all matters related to appeals from decisions of the attorney general’s award of reparations, including decisions granting or denying payment of attorney fees. The court also maintains that the General Assembly did not expressly state that the attorney general’s decision on attorney fees is final and not appealable, and it further asserts that because the fees are paid from the reparations fund, they are a form of reparations. Thus, the Court of Claims believes it has jurisdiction to consider an appeal from a decision of the attorney *246 general granting or denying payment of attorney fees for preparing an application for reparations on behalf of a claimant.
{¶ 9} In response, the attorney general argues that because the Court of Claims is a statutorily created court, it may exercise only the jurisdiction specifically conferred upon it by the General Assembly, and therefore, its appellate jurisdiction may not be implied but must be expressly provided by statute. According to the attorney general, the statute authorizing the payment of fees to an attorney for assisting a claimant in applying for reparations does not also authorize a right to appeal an award of those fees to the Court of Claims. The attorney general further maintains that Carney-DeBord cannot be considered a claimant appealing an award of reparations, because the statutes expressly distinguish between the claimant and the attorney representing the claimant and because the fees charged by an attorney for preparing a claim are excluded by statute from an award of reparations. For these reasons, the attorney general contends that the Court of Claims patently and unambiguously lacked jurisdiction to hear the appeal in this case and that the court of appeals properly granted the writs in this case.
{¶ 10} Accordingly, we are called upon to decide whether the Court of Claims has jurisdiction to hear appeals from the attorney general’s decisions granting or denying payment of fees to attorneys for seeking awards of reparations on behalf of victims of crime.
Law and Analysis
{¶ 11} The Victims of Crime Act establishes a reparations fund in the state treasury to compensate persons for economic loss resulting from criminally injurious conduct. See R.C. 2743.191. Further, R.C. 2743.52(A) directs the attorney general to “make awards of reparations for economic loss arising from criminally injurious conduct, if satisfied by a preponderance of the evidence that the requirements for an award of reparations have been met.”
{¶ 12} The act authorizes an appeal from decisions of the attorney general in connection with awards of reparations, providing in R.C. 2743.52(B), “A court of claims panel of commissioners or a judge of the court of claims has appellate jurisdiction to order awards of reparations for economic loss arising from criminally injurious conduct * * *.”
{¶ 13} Specifically, R.C. 2743.61(B) provides that “[a] claimant may appeal an award of reparations, the amount of an award of reparations, or the denial of a claim for an award of reparations that is made by a final decision of the attorney general after any reconsideration.” (Emphasis added.) No other provision of the act, however, establishes a right to appeal from a decision of the attorney general.
*247 {¶ 14} The questions presented in this case, therefore, are who may qualify as a claimant as that term is used in R.C. 2743.61(B) and what is the nature of the relationship between R.C. 2743.61 and R.C. 2743.65. In interpreting a statute, our duty is to ascertain the legislative intent as manifested in the words of the statute. Proctor v. Kardassilaris, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12.
{¶ 15} The General Assembly has defined the term “claimant” in R.C. 2743.51(A) to mean a person who claims an award of reparations as a victim of a crime, a dependent of a deceased victim, a third person who assumes the legal obligations of a victim, a person who is authorized to act on behalf of any of the above, or the estate of a deceased victim. The Court of Claims urges that because attorneys are authorized to act on behalf of victims of crime, they are claimants as defined in R.C. 2743.51(A), but they are not.

Fees Are Not Reparations

{¶ 16} The fees charged by an attorney in preparing a claim for reparations are not recoverable as part of an award of reparations. While the Victims of Crime Act directs the attorney general to make an award of reparations to the claimant for economic loss, R.C. 2743.52(A), the term “economic loss” is defined in R.C. 2743.51(E) and (F)(4) to include only the attorney fees “incurred to successfully obtain a restraining order, custody order, or other order to physically separate a victim from an offender, if the attorney has not received payment under section 2743.65 of the Revised Code for assisting a claimant with an application for an award of reparations.” The General Assembly, however, did not include within ■the definition of “economic loss” attorney fees for assisting a claimant to apply for an award of reparations, and therefore, attorney fees for preparing such a claim are not recoverable as part of an award of reparations.
{¶ 17} R.C. 2743.71(B)(3) further clarifies that “[a]n attorney who represents an applicant for an award of reparations cannot charge the applicant for the services rendered in relation to that representation but is required to apply to the attorney general for payment for the representation.” Thus, an attorney who requests these types of fees is not seeking reimbursement for the victim’s economic loss on behalf of the claimant, but rather is requesting payment from the reparations fund for services the attorney rendered.
{¶ 18} As a further indication that it did not intend attorney fees to be part of an award of reparations, the General Assembly provided a separate statute, R.C. 2743.65, to compensate attorneys who represent claimants. In this section, the legislature distinguished between claimants and attorneys representing claimants. R.C. 2743.65(A) states: “The attorney general shall determine, and the state shall pay, in accordance with this section attorney’s fees, commensurate with services rendered, to the attorney representing a claimant under sections 2743.51 to *248 2743.72 of the Revised Code. The attorney shall submit on an application form an itemized fee bill at the rate of sixty dollars per hour upon receipt of the final decision on the claim.” The statute also establishes maximum amounts that may be paid for particular services rendered and authorizes the attorney general to determine the amount of attorney fees allowed in each case.

Jurisdiction of the Court of Claims

{¶ 19} The Court of Claims is a statutorily created court. See R.C. 2743.03. In State ex rel. Johnson v. Perry Cty. Court (1986), 25 Ohio St.3d 53, 54, 25 OBR 77, 495 N.E.2d 16, in which this court considered whether county courts have jurisdiction through inherent power or by statute to punish contempt, we explained that “[a] court created by statute * * * has only limited jurisdiction, and may exercise only such powers as are directly conferred by legislative action.”
{¶ 20} Further, we held in Truman v. Walton (1899), 59 Ohio St. 517, 525, 53 N.E. 57, that “[t]he court held by a village mayor is of limited jurisdiction. His power to try persons accused of violating village ordinances or the criminal laws of the state is only such as has been conferred by statute. If such jurisdiction has not been thus created, it does not exist.” See also Cheap Escape Co., Inc. v. Haddox, L.L.C., 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 7 (“municipal courts are statutorily created, R.C. 1901.01, and their subject-matter jurisdiction is set by statute”).
{¶ 21} Similarly, the jurisdiction of the Court of Claims is limited by statute and specifically confined to the powers conferred by the legislature.
{¶ 22} In contrast to R.C. 2743.52(B) and 2743.61(B), which expressly confer appellate jurisdiction on the Court of Claims to hear appeals from decisions granting or denying awards of reparations to claimants, the General Assembly, in enacting R.C. 2743.65, did not confer appellate jurisdiction on the Court of Claims to hear appeals from decisions of the attorney general granting or denying payment of fees to attorneys for seeking reparations on behalf of claimants. Thus, no statutory authorization exists for the Court of Claims to consider such appeals, and as it is a court of limited jurisdiction, it can exercise only the authority specifically conferred on it by statute.
{¶ 23} Thus, the Victims of Crime Act distinguishes between a claimant who alleges entitlement to an award of reparations and an attorney who requests attorney fees for submitting a claimant’s application for reparations. An attorney who requests fees from the attorney general for preparing a claimant’s application for reparations is not a claimant for purposes of R.C. 2743.61(B) and cannot appeal to the Court of Claims on that basis. Although the legislature has provided for a claimant to have the right to appeal to the Court of Claims from an *249 award of reparations, it has not similarly provided for an attorney seeking payment of legal fees for representing such a claimant to also have the right to appeal to the Court of Claims from a decision of the attorney general granting or denying an award of attorney fees. And because the Victims of Crime Act does not provide the right to appeal from an attorney-fee decision of the attorney general or confer jurisdiction on the Court of Claims to hear such an appeal, the court has no jurisdiction to review such an award.
Conclusion
{¶ 24} The Court of Claims of Ohio lacks jurisdiction to consider appeals from decisions of the attorney general granting or denying attorney fees for seeking reparations on behalf of a victim of crime. Accordingly, the appellate court properly issued writs of mandamus and prohibition compelling the Court of Claims to vacate its decision and dismiss the appeal and prohibiting the Court of Claims from hearing similar appeals from decisions of the attorney general on attorney-fee applications in the future. For these reasons, we affirm the judgment of the court of appeals.
Judgment affirmed.
O’Connor, C.J., and Lanzinger and Cupp, JJ., concur.
Pfeifer, Lundberg Stratton, and McGee Brown, JJ., dissent.