[Cite as *Cotten v. Court of Common Pleas*, 2018-Ohio-3948.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Prince Charles Cotten, Sr., :

      Plaintiff-Appellant, :

                                     No. 18AP-292

v. : (Ct. of Cl. No. 2018-00143JD)

The Court of Common Pleas, : (REGULAR CALENDAR)

      Defendant-Appellee. :

---

D E C I S I O N

Rendered on September 27, 2018

---

**On brief:** *Prince Charles Cotten, Sr.*, pro se.

---

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Prince Charles Cotten, Sr., appeals pro se from an order of the Court of Claims of Ohio dismissing his complaint. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} Cotten filed a pro se complaint in the Court of Claims naming "The Court of Common Pleas" located in Lebanon, Ohio, as defendant. A magistrate of the Court of Claims dismissed the common pleas court as a party and ordered Cotten to file an amended complaint naming a state department, board, office, commission, agency, institution, or other state instrumentality as defendant. Cotten then filed an amended complaint naming the "Warren County Clerk's Office" as defendant. The Court of Claims sua sponte dismissed the case, holding Cotten failed to comply with the magistrate's order by failing to name the state or a state entity as defendant.

## II. Assignment of Error

{¶ 3}   Cotten appeals and assigns the following sole assignment of error for our review:

> THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT, WHEN THE COURT SUA SPONTE AMENDED THE NAME DEFENDANT IN CASE NO. 2017-000926, BUT FAIL TO SUA AMENDED THE NAME DEFENDANT IN CASE NO. 2017-00143JD.

(Sic passim.)

## III. Discussion

{¶ 4}   The Court of Claims dismissed Cotten's case pursuant to Civ.R. 41(B)(1), which provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 5}   However, the Court of Claims explained it was dismissing Cotten's case because he failed to comply with the magistrate's order to name a state entity within the jurisdiction of the court as defendant.

{¶ 6}   "[T]he jurisdiction of the Court of Claims is limited by statute and specifically confined to the powers conferred by the legislature." *State ex rel. DeWine v. Court of Claims*, 130 Ohio St.3d 244, 2011-Ohio-5283, ¶ 21.  Pursuant to R.C. 2743.03(A)(1), the Court of Claims has "original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims." R.C. 2743.02(E) provides that "[t]he only defendant in original actions in the court of claims is the state."

{¶ 7}   Cotten's complaint as initially filed named "The Court of Common Pleas" in Lebanon, Ohio, as defendant.  Presumably, Cotten intended this to mean the Warren County Court of Common Pleas.  After the magistrate dismissed the common pleas court, Cotten filed an amended complaint naming the Warren County Clerk's Office as defendant. On appeal, Cotten asserts he does not know the proper name for the party he is seeking to sue. He argues his amended complaint complied with the magistrate's order because it named an office as defendant. The substance of Cotten's complaint asserted the Warren County Clerk of Courts was refusing to return stamped copies of Cotten's court filings; thus,

it appears Cotten was attempting to assert a claim against the Warren County Clerk of Courts.

{¶ 8} For purposes of R.C. Chapter 2743, "state" is defined as "the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state." R.C. 2743.01(A). The definition of state expressly excludes "political subdivisions," which are defined as "municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches." R.C. 2743.01(B).

{¶ 9} This court has previously held that "the definition of political subdivision under R.C. 2743.01(B) encompasses the common pleas court and eliminates it from the definition of state under R.C. 2743.01(A)." *Sams v. State*, 10th Dist. No. 98AP-645 (Mar. 4, 1999). Therefore, the Court of Claims lacks jurisdiction over a claim against a county court of common pleas. *Id.* Thus, the complaint as initially filed failed to name a proper defendant within the jurisdiction of the Court of Claims.

{¶ 10} Similarly, this court has held that county elected officials are officers of a political subdivision, rather than officers of the state. *Donaldson v. Court of Claims*, 10th Dist. No. 91AP-1218 (May 19, 1992) ("[T]he pleading requirements before the Court of Claims are prescribed in R.C. 2743.13(A), and these do not permit the naming as party-defendants the elected officials of a 'political subdivision' such as Wood County. Appellant's complaint was jurisdictionally defective on its face, and it was correctly dismissed by the Court of Claims."); *Walden v. State*, 10th Dist. No. 87AP-1060 (May 5, 1988) ("Although the county prosecutor may act on behalf of the state in certain matters, for purposes of R.C. 2743.01(A) the Franklin County Prosecutor is not an instrumentality of the state of Ohio and, therefore, is an improper party-defendant in the Court of Claims."). *See also Ruic v. Corrigan*, 10th Dist. No. 75AP-338 (Nov. 18, 1975) ("[C]ounties are not a state department or agency within any reasonable interpretation of [R.C. 2743.01]."). Thus, Cotten's amended complaint failed to name a proper defendant within the jurisdiction of the Court of Claims.

{¶ 11} Cotten argues the Court of Claims erred by failing to sua sponte amend his complaint to name a proper state entity as defendant, asserting the court did so in another case he filed, Court of Claims case No. 2017-00926AD. A brief review of the record and the complaint in that case indicates that, similar to the present case, Cotten initially named the Court of Common Pleas located in Mansfield, Ohio, as defendant. The deputy clerk of the Court of Claims sua sponte amended the complaint to name the Ohio Department of Rehabilitation and Correction ("ODRC") as defendant. In the complaint, Cotten asserted the Richland County Clerk of Courts was altering the return address on the self-addressed stamped envelopes used to return stamped copies of his legal filings. Cotten further asserted the alteration resulted in his mail being opened by ODRC personnel outside his presence, in violation of institutional policies. It appears the Court of Claims construed Cotten's complaint as a claim against ODRC for violation of Cotten's rights and its own internal rules or policies. By contrast, in the present case Cotten's complaint did not contain any assertions that could be construed as claims against ODRC or another state entity. Therefore, the Court of Claims did not err by failing to sua sponte amend the complaint to name a state entity as defendant, despite doing so in case No. 2017-00926AD.

{¶ 12} Under these circumstances, because Cotten's complaint did not contain any assertions that could be construed as claims against the state, the Court of Claims did not err by failing to sua sponte amend the complaint to name the state or a state agency or department as defendant and did not abuse its discretion by dismissing appellant's claim for lack of jurisdiction.

{¶ 13} Accordingly, we overrule Cotten's sole assignment of error.

IV. Conclusion

{¶ 14} For the foregoing reasons, we overrule Cotten's sole assignment of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
HORTON, J. dissents.

HORTON, J., concurring in part and dissenting in part.

{¶ 15} I respectfully disagree with the majority's position that the Court of Claims' dismissal of Cotten's complaint under Civ.R. 41(B)(1) operated as a dismissal with

prejudice. Under Civ.R. 41(B)(4)(a), a dismissal for "lack of jurisdiction over the person or the subject matter" operates as a dismissal "otherwise than on the merits" of the claim. In *Thomas v. Freeman*, 79 Ohio St.3d 221 (1997), the Supreme Court of Ohio considered whether a dismissal under Civ.R. 41(B)(4)(1) based on a lack of jurisdiction that arose from a failure of service under Civ.R. 4 operated with or without prejudice. *Thomas* held a dismissal under Civ.R. 41(B)(1) cannot be on the merits under Civ.R. 41(B)(3) if the court lacks jurisdiction. *Id.* at 225. Instead, the dismissal must be "otherwise than on the merits" under Civ.R. 41(B)(4). *Id.*

{¶ 16} Here, the Court of Claims lacked jurisdiction over Cotten's claim from the outset because it did not have jurisdiction over the entity he was attempting to sue, the Warren County Court of Common Pleas. R.C. 2743.02(E). Cotten then failed to name a state entity within the jurisdiction of the Court of Claims in his amended complaint. Thus, the court continued to lack jurisdiction over his claim. Because of the lack of jurisdiction, the Court of Claims did not have the authority to dismiss his claim with prejudice under Civ.R. 41(B)(1) for failing to comply with an order of the court. Instead, the Court of Claims should simply have dismissed the matter without prejudice for lack of jurisdiction. Furthermore, although the magistrate admirably gave Cotten the opportunity to amend his complaint, policies of judicial economy and efficiency are not served by failing to inform the pro se party that his complaint is in the improper forum when it is obvious from the face of the complaint that he means to sue the county court.

{¶ 17} For these reasons, regardless of what the trial court actually stated in its entry, I would hold that Civ.R. 41(B)(4)(a) applies and that the dismissal therefore operated without prejudice.

{¶ 18} I otherwise concur with the majority's conclusion that the Court of Claims did not err by failing to sua sponte amend Cotten's complaint to add a state defendant because the complaint failed to allege any colorable claims against a state entity, in contrast to the complaint he filed in Court of Claims case No. 2017-00926AD.

_____