[Cite as *Kirk v. Coshocton Cty. Sheriff's Office*, 2019-Ohio-1825.]

| | |
|---|---|
| CRAIG M. KIRK | Case No. 2019-00383PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>RECOMMENDATION TO DISMISS</u> |
| COSHOCTON COUNTY SHERIFF'S OFFICE | |
| Respondent | |

{¶1} On March 19, 2019, requester Craig Kirk filed a complaint under R.C. 2743.75 alleging denial of access to public records by respondent Coshocton County Sherriff's Office (Coshocton SO) in violation of R.C. 149.43(B). The complaint did not include a date on which requester was allegedly denied access, or include all written responses and other communications relating to the requests as required by the complaint form and the statute. R.C. 2743.75(D)(1).

> [R]equester has instead attached 72 pages of "historical facts," accusations, photographs, maps, discovery requests, and browser screen prints, most of which are irrelevant to any public records request. Requester refers to approximately 53 separate records requests directed to the Coshocton Sheriff's Department, and approximately 38 discovery requests related to a criminal charge in Coshocton County Case No. CRB1600267. Requester attaches letters from respondent that address a small number of requests. Requester does not relate which, if any, of his requests have been satisfied by production of records, identification of applicable public records exceptions, or assertion of non-existence.

(March 21, 2019 Order.) The special master found that requester's complaint was "disorganized, incomplete, and inclusive of matters beyond the jurisdiction of this court." (*Id.*) The special master found the complaint was contrary to the purposes of R.C. 2743.75 "to provide for an expeditious and economical procedure that attempts to resolve disputes," R.C. 2743.75(A), and failed to set forth a short, plain statement of the claims showing he is entitled to relief. Civ.R. 8(A).

{¶2} The special master therefore issued an order pursuant to R.C. 2743.75(E)(3)(c) to file an amended complaint no later than April 4, 2019 with the following content:

> For each request, requester is directed to quote the language of the request, cite the specific correspondence that contains the request by date and request number, provide a copy of any response made by respondent to the request, and identify what specific, existing records respondent has failed to produce. The amended complaint and attachments shall not include content that is irrelevant or immaterial to claims for violation of R.C. 149.43(B).

Requester has not filed an amended complaint. On April 5, 2019, requester notified the court that he was unable to file his response to the order electronically. On April 9, 2019, the court received from requester via U.S. Mail twelve pages of response letters, all but two of which were attached to the original complaint. Requester has not withdrawn any non-public records claims or irrelevant documents from his complaint.

{¶3} Requester's submission of April 9, 2019 fails to comply with the order of March 21, 2019 in the following respects:

(1) The submission is not an amended complaint.

(2) The submission is an untimely response to the order.

(3) The submission does not individually list the public records requests requester seeks to enforce.

(4) The submission does not, for each individually listed request, quote the language of the request and specify the correspondence that contains the request by date and number.

(5) The submission does not, for each request, identify specific, existing records that respondent has failed to produce.

In addition, requester failed to accompany the submission with proof of service on respondent. Civ.R. 5(B)(4).

{¶4} I find that the complaint filed on March 19, 2019 fails to set forth averments of requester's public record claims in separate counts to facilitate the clear presentation of the matters set forth. Civ.R. 10(B). I find that the complaint fails to set forth a short, plain statement of the claim showing that requester is entitled to relief. Civ.R. 8(A). The complaint does not name any specific public records request that has been denied in violation of R.C. 149.43(B). I find that requester has failed to comply with multiple rules of civil procedure, and multiple terms of the order of March 21, 2019. Civ.R. 41(B)(1). *See Hughley v. Southeastern Corr. Inst.*, 5th Dist. Fairfield No. 10 CA 43, 2010-Ohio-5497, ¶ 34-41; *Liechty v. Dunbar*, 6th Dist. Lucas No. L-77-202, 1978 Ohio App. LEXIS 9228 (Apr. 7, 1978). Instead of providing information necessary to state a claim of violation of R.C. 149.43(B) requester has merely submitted letters between himself and respondent. The complaint leaves the court to speculate which among the numerous requests for documents, discovery, information, and explanations requester seeks to enforce for "Denial of Access" and "Cell Phone Equipment CCT." (Complaint at 1.) The complaint is insufficient to satisfy even notice pleading requirements. *See Copeland v. Summit Cty. Probate Ct.*, 9th Dist. Summit No. 24648, 2009-Ohio-4860, ¶ 10.

{¶5} R.C. 2743.75(D)(2) provides that "[n]otwithstanding any provision to the contrary in this section, upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time." I recommend that the court dismiss the complaint on the grounds set forth above.

JEFFERY W. CLARK
Special Master

Filed April 18, 2019
Sent to S.C. Reporter 5/10/19