[Cite as *WCPO-TV v. Ohio Dept. of Health*, 2021-Ohio-1566.]

| | |
|---|---|
| WCPO-TV, A DIVISION OF THE E.W. SCRIPPS COMPANY | Case No. 2020-00513PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION</u> |
| OHIO DEPARTMENT OF HEALTH | |
| Respondent | |

{¶1} Respondent Ohio Department of Health (ODH) objects to a Special Master's Report and Recommendation. Requester WCPO-TV, a division of the E.W. Scripps Company, moves to strike ODH's objections, and ODH moves to stay all proceedings in this case.

{¶2} For reasons set forth below, the Court overrules ODH's objections, denies WCPO-TV's motion to strike, denies ODH's motion for stay, and adopts the Special Master's Report and Recommendation.

## I. Background

{¶3} On August 20, 2020, WCPO-TV sued ODH, claiming that it had been denied access to public records in violation of R.C. 149.43(B). In the complaint, WCPO-TV asserted,

On June 15, 2020 Paula Murphy of WCPO made the following request to the Ohio Department of Health: "Under the provisions of the Ohio Open Records Act, ACT, R.C.149.43, I am requesting the following information: 1) The number of COVID-19 deaths in 2020 from Residents at Burlington House and Alzheimer's Care Center on Springdale Road in Hamilton County. The Ohio Department of Health website lists 78 residents at this facility have tested positive for COVID-19. Please provide

the date of death and any other information that can be publicly released about those deaths (age, race, sex, etc) 2) The total number of COVID-19 deaths in 2020 from residents of any nursing home or long-term care facility in Hamilton, Butler, Warren and Clermont counties. I would please request the name of the facility, and the number of deaths of residents from COVID-19."

(Complaint.)

{¶4} The Clerk of this Court appointed a Special Master who referred the case to mediation.  After mediation failed to successfully resolve all disputed issues between the parties, the case was returned to the Special Master's docket.  On April 1, 2021, the Special Master issued a Report and Recommendation (R&R).  The Special Master stated in the R&R's conclusion:

> * * * [T]he special master recommends the court order respondent to provide requester with a copy of the records described in Request No. 1. The special master further recommends the court find that respondent did not violate R.C. 149.43(B)(1) in denying records responsive to Request No.2, but that ODH did violate R.C. 149.43(B)(2) by failing to provide requester with relevant information to revise the request. The special master recommends the court order that requester is entitled to recover from respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that it has incurred. It is recommended costs be assessed to respondent.

(R&R, 15.)

{¶5} On April 12, 2021, ODH filed written objections to the Special Master's R&R. In a certificate of service accompanying the objections, ODH's counsel certified that the objections were served upon WCPO-TV's counsel "via email."  ODH later filed a Notice of Corrected Certificate of Service.

{¶6} After ODH filed its objections, WCPO-TV filed a response labeled "Motion To Strike Respondent Ohio Department of Health's Objections To The Special Master's Report and Recommendation Or In The Alternative Response Of Requester To Objections."

{¶7} On April 14, 2021, ODH moved to stay all proceedings in this matter until the Tenth District Court of Appeals, or, if necessary, the Supreme Court of Ohio, determines whether a similar death dataset requested in *Patrick Walsh v. Ohio Dept. of Health*, et *al.*, Case No. 21AP-109 is a public record. ODH also moved for leave to supplement its objections to the Report and Recommendation following a decision by the Tenth District Court of Appeals or the Ohio Supreme Court.

## II. Law and Analysis

{¶8} R.C. 2743.75(F)(2) governs objections to a special master's report and recommendation. Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

### A. WCPO-TV's motion to strike is not well taken.

{¶9} WCPO-TV moves to strike ODH's objections because ODH failed to comply with R.C. 2743.75(F)(2) when it filed its objections. WCPO-TV urges that R.C. 2743.75(F)(2) "is clear about how an objecting party is required to serve its objections and when those objections must be served. The objecting party must serve the objections via certified mail, return receipt requested. Here, the certificate of service to

the ODH objections state that the objections were served via e-mail. There is no indication that the objections were served via certified mail. Moreover, even if the ODH would seek to correct this failure, it would be too late. The ODH received the Special Master's Report & Recommendation on April 5 and had seven business days from that date to properly file the objections. That deadline expired on April 14."

{¶10} On April 20, 2021, ODH filed a Notice of Corrected Certificate of Service, accompanied by a copy of an amended certificate of service that indicates WCPO-TV's attorney was sent a copy of ODH's objections by certified mail, return receipt requested on April 13, 2021. ODH contends in its Notice that it has met its obligations and WCPO-TV's motion to strike should be denied.

{¶11} R.C. 2743.75(F)(2) provides that either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk *and sending a copy to the other party by certified mail, return receipt requested.*" (Emphasis added.) R.C. 2743.75(F)(2) expressly requires objections to be sent to the other party by certified mail, return receipt requested.

{¶12} Assuming *arguendo* that the Ohio Rules of Civil Procedure applies to proceedings set forth in R.C. 2743.75, *see* R.C. 2743.03(D),[1] Rule 5(B)(4) of the Ohio Rules of Civil Procedure provides: "The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. *Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed.*" (Emphasis added.) Civ.R. 5(B)(4) thus contemplates that a party may correct its service so that a court may consider a document that may have been improperly served.

---

[1] Pursuant to R.C. 2743.03(D), the Rules of Civil Procedure "shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter."

{¶13} The Supreme Court of Ohio has remarked that a basic tenet of Ohio jurisprudence is "that cases should be determined on their merits and not on mere procedural technicalities." *Barksdale v. Van's Auto Sales*, 38 Ohio St.3d 127, 128, 527 N.E.2d 284 (1988). In accordance with this basic tenet of Ohio jurisprudence, the Court concludes that ODH's objections should be considered by the Court, despite ODH's failure to adhere to service requirements set forth in R.C. 2743.75(F)(2).

**B. ODH's objections are not well taken.**

{¶14} ODH presents two objections:

1) "The Report and Recommendation erroneously concludes that protected health information is a public record that must be disclosed."

2) "The Report and Recommendation erroneously concludes that ODH violated R.C. 149.43(B)(2) when it did not inform Requester of the manner which records are maintained because any revisions to Request No. 2 would inevitably make it equivalent to Request No. 1, which subjects it to the same fate of requesting PHI that is not subject to disclosure."

{¶15} WCPO-TV opposes ODH's objections.

{¶16} Notwithstanding ODH's objections, the Court finds that the Special Master identified the pertinent issues and reached the correct legal determination based on the ordinary application of statutory law and case law, as they existed at the time of the filing of the complaint. R.C. 3701.17(A)(2) defines the term "protected health information," as used in R.C. 3701.17.[2] Pursuant to R.C. 3701.17(C), "Information that

---

[2]    Pursuant to R.C. 3701.17(A)(2), protected health information, as used in R.C. 3701.17, "means information, in any form, including oral, written, electronic, visual, pictorial, or physical that describes an individual's past, present, or future physical or mental health status or condition, receipt of treatment or care, or purchase of health products, if either of the following applies:

(a) The information reveals the identity of the individual who is the subject of the information.

does not identify an individual is not protected health information and may be released in summary, statistical, or aggregate form. Information that is in a summary, statistical, or aggregate form and that does not identify an individual is a public record under [R.C. 149.43] and, upon request, shall be released by the director." *See* R.C. 3701.17(D) (generally requiring a disclaimer to accompany release of information). Thus, under R.C. 3701.17(C) so long as the report requested by WCPO-TV provides information in summary, statistical, or aggregate form, the report requested by WCPO-TV does not run afoul of R.C. 3701.17's prohibition against the disclosure of protected health information.

### C. ODH's motion to stay is not well taken.

{¶17} ODH asks the Court to stay all proceedings in this matter until the Tenth District Court of Appeals, or, if necessary, the Supreme Court of Ohio, determines whether a similar death dataset requested in *Patrick Walsh v. Ohio Dept. of Health*, et *al.*, Case No. 21AP-109 is a public record. ODH also asks for leave to supplement its objections to the Report and Recommendation following a decision by the Tenth District Court of Appeals or the Ohio Supreme Court.

{¶18} This Court has inherent power to manage its own docket. *See State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270, ¶ 23. Whether to issue a stay rests within this Court's discretion. *See State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 336, 691 N.E.2d 282 (1998).

{¶19} ODH's request is not well taken for several reasons. First, R.C. 2743.75(A) contemplates an "expeditious and economical procedure" for the resolution of public-records disputes that are brought before the Court under R.C. 2743.75. *See* R.C. 2743.75(A). If the Court were to grant ODH's request, then the legislative intent of an

---

(b**)** The information could be used to reveal the identity of the individual who is the subject of the information, either by using the information alone or with other information that is available to predictable recipients of the information."

"expeditious and economical procedure" may be frustrated. Second, R.C. 2743.75 does not expressly authorize this Court to stay proceedings in proceedings brought under R.C. 2743.75. *See State ex rel. DeWine v. Court of Claims of Ohio*, 130 Ohio St.3d 244, 2011-Ohio-5283, 957 N.E.2d 280, ¶ 21 (stating that "the jurisdiction of the Court of Claims is limited by statute and specifically confined to the powers conferred by the legislature"). Third, and most importantly, the Court is unconvinced that a decision by the Tenth District Court of Appeals in *Walsh* necessarily will be dispositive of the issues in this case.

PATRICK E. SHEERAN
Judge

WCPO-TV, A DIVISION OF THE E.W. SCRIPPS COMPANY

    Requester

    v.

OHIO DEPARTMENT OF HEALTH

    Respondent

Case No. 2020-00513PQ

Judge Patrick E. Sheeran

<u>JUDGMENT ENTRY</u>

{¶20} The Court overrules ODH's objections. The Court denies WCPO-TV's motion to strike. The Court adopts the Special Master's Report and Recommendation. Because WCPO-TV has been shown to be an aggrieved requester, and in accordance with the Special Master's recommendation, WCPO-TV is entitled recover from ODH the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by WCPO-TV, but WCPO-TV is not entitled to recover attorney fees. Court costs are assessed to ODH. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed April 29, 2021**
**Sent to S.C. Reporter 5/4/21**