[Cite as *Bailey v. Ohio Dept. of Dev. Disabilities*, 2024-Ohio-1696.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Linda Bailey, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 23AP-542 |
| v. | : | (Ct. of Cl. No. 2022-00463JD) |
| Ohio Department of Developmental Disabilities, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on May 2, 2024

**On brief:** *Hurley Law LLC*, and *Rosel C. Hurley, III*, for appellant.

**On brief:** *Dave Yost*, Attorney General, and *Amy S. Brown*, for appellee.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1} Plaintiff-appellant, Linda Bailey, appeals from the judgment of the Court of Claims of Ohio granting the motion for judgment on the pleadings filed by defendant-appellee, Ohio Department of Developmental Disabilities ("ODDD"). For the reasons that follow, we affirm the judgment of the Court of Claims.

I. Facts and Procedural History

{¶ 2} On June 9, 2022, Bailey filed her form complaint in the Court of Claims of Ohio, alleging claims premised on allegations of negligence and seeking to recover monetary damages against ODDD. Specifically, Bailey has alleged, in pertinent part as follows:

> Claimant's ward, Joshua Akins, has been physically abused by Ohio Depart[ment] of Developmental Disabilities via the

> Cuyahoga County Board of Developmental Disabilities. State agency has admitted allegations, claimant has pictures of abuse (physical).
>
> Claimant states that her ward has tested positive multiple times for fentanyl. Ward does not have a prescription for that drug. Claimant has medical records stating the positive results and police reports for corrupting another with drugs.
>
> Claimant states that Ward is severely autistic and is non-verbal.

(Compl. at ¶ 12.)

{¶ 3} On June 21, 2023 ODDD filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). In its motion, ODDD argued it is not the proper defendant and the complaint must be dismissed in its entirety because the court lacked jurisdiction to consider the merits of Bailey's claims. More specifically, ODDD asserted the alleged abuse of Bailey's ward occurred, if at all, through acts or omissions of the Cuyahoga County Board of Developmental Disabilities, which is not an agent of the state but is instead a political subdivision over which the Court of Claims lacks subject-matter jurisdiction.

{¶ 4} On July 5, 2023, Bailey filed her response to the motion. Subsequently, on August 4, 2023, the Court of Claims issued its order granting the motion and dismissing Bailey's complaint, without prejudice. (Aug. 4, 2023 Entry at 4.)

{¶ 5} On September 1, 2023, Bailey filed a notice of appeal, which is now before the court.

## II. Assignment of Error

{¶ 6} Bailey asserts the following as her sole assignment of error for our review[1]:

> THE TRIAL COURT ERRED IN DETERMING THAT THE OHIO COURT OF CLAIMS DID NOT HAVE JURISDICTION IN REGARDS TO THE INJURIES AND MALTREATMENT COMMITED AGAINST THE WARD OF PLAINTIFF-APPELLANT BY DEFENDANT-APPELLEE.

---

[1] Bailey also restates her assignment of error as "[t]he dismissal of Plaintiff-Appellant's claims by the Court of Claims was not proper and the case should be returned to the Ohio Court of Claims for adjudication" later in her brief. (Brief of Appellant at 7.) We find the two statements interchangeable.

### III. Discussion

{¶ 7}   A motion for judgment on the pleadings is governed by Civ.R. 12(C), which states: "[a]fter the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings, pursuant to Civ.R. 12(C), "has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." *Tran v. State*, 10th Dist. No. 09AP-587, 2009-Ohio-6784, ¶ 10. In ruling on a motion for judgment on the pleadings, a trial court is permitted to "consider both the complaint and answer." *Zhelezny v. Olesh*, 10th Dist. No. 12AP-681, 2013-Ohio-4337, ¶ 8. The trial court "must construe all the material allegations of the complaint as true, and must draw all reasonable inferences in favor of the nonmoving party." *Id*. The court may grant the motion "if it finds, beyond doubt, that the plaintiff can prove no set of facts in support of the claim(s) that would entitle him or her to relief." *Id*. Because an appeal of a decision granting a motion for judgment on the pleadings under Civ.R. 12(C) raises only questions of law, the standard for appellate review is de novo. *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, ¶ 18, citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5.

{¶ 8}   Bailey asserts in her sole assignment of error that the trial court erred in finding that it lacked subject-matter jurisdiction over Bailey's claims and in dismissing her complaint for that reason. We disagree.

{¶ 9}   Subject-matter jurisdiction is "a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11; *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, ¶ 8.

{¶ 10}   "[T]he jurisdiction of the Court of Claims is limited by statute and specifically confined to the powers conferred by the legislature." *State ex rel. DeWine v. Court of Claims*, 130 Ohio St.3d 244, 2011-Ohio-5283, ¶ 21. The Court of Claims is a court of limited jurisdiction and has exclusive, original jurisdiction over only civil actions against the state specifically permitted by the waiver of immunity set forth in R.C. 2743.02. *Troutman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 03AP-1240, 2005-Ohio-334, ¶ 10. Further,

R.C. 2743.02(E) provides that "[t]he only defendant in original actions in the court of claims is the state."

{¶ 11} For purposes of R.C. Chapter 2743, "state" is defined as "the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state." R.C. 2743.01(A). The definition of "state" expressly excludes "political subdivisions," which are defined as "municipal corporations, townships, *counties*, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches." (Emphasis added.) R.C. 2743.01(B). Thus, counties are political subdivisions which are specifically excluded from the definition of "state" pursuant to R.C. 2743.01(B). *See also*, *Estate of Fleenor v. Ottawa Cty.*, 170 Ohio St.3d 38, 2022-Ohio-3581, ¶ 8, citing *State ex rel. Alexander v. Summit Cty.*, 17 Ohio Dec. 451, 1906 Ohio Misc. LEXIS 145 (Sept. 17, 1906) ("Ohio counties are political subdivisions of the state that facilitate the state's operations.").

{¶ 12} In this case, while Bailey has named the ODDD as the defendant, as set forth above, her claim is specifically premised on allegations of physical abuse of her ward on the part of the Cuyahoga County Board of Developmental Disabilities, including allegations that her ward has tested positive on multiple occasions for the drug fentanyl despite not having been prescribed that drug. (Compl. at ¶ 12.) Thus, the question before this court is whether a county board of developmental disabilities such as the Cuyahoga County Board of Developmental Disabilities is an instrumentality of the state for purposes of R.C. Chapter 2743 so as to be subject to the jurisdiction of the Court of Claims. As explained below, we agree with the Court of Claims that it is not such an instrumentality of the state and is instead a political subdivision explicitly excluded from the definition of state by R.C. 2743.01(A).

{¶ 13} " 'Generally, Ohio's courts of common pleas have original jurisdiction over civil actions commenced against counties and their agencies.' " *Williams v. Ohio Dept. of Human Servs.*, 10th Dist. No 95API06-778, 1995 Ohio App. LEXIS 5470, *6 (Dec. 12, 1995), quoting *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69 (1986), paragraph one of the syllabus. "Counties are not the state but, rather, are political subdivisions and fall outside

the legislature's statutory waiver of "state" immunity and the Court of Claims' jurisdiction." *Id.*, citing *Burr* at 72. In *Burr*, the Supreme Court of Ohio stated:

> Although many social programs operate under state or federal oversight and financing, they still remain local governmental operations of the political subdivision. *The local agencies* and county commissioners *are not agents of the state absent statutory language to that effect.*

(Emphasis added.) *Burr* at 72.

{¶ 14} Although we have not yet had cause to determine whether a county board of developmental disabilities is an instrumentality of the state for purposes of R.C. Chapter 2743, we have considered the status of numerous other county agencies in this context and have consistently determined such agencies are not instrumentalities of the state so as to subject them to the jurisdiction of the Court of Claims. *See, e.g., Cotton v. FCPC*, 10th Dist. No. 18AP-292, 2018-Ohio-3948 (courts of common pleas are not agencies of the state and thus not subject to the jurisdiction of the Court of Claims); *Daugherty v. Ohio Dept. of Human Servs.*, 10th Dist. No. 00AP-1093, 2001 Ohio App. LEXIS 708 (Feb. 27, 2001) (county department of human services is not subject to the jurisdiction of the Court of Claims); *Williams*, 1995 Ohio App. LEXIS 5470 (county child support enforcement agency is not an agency of the state for purposes of R.C. Chapter 2743); *Donaldson v. Court of Claims*, 10th Dist. No. 91AP-1218, 1992 Ohio App. LEXIS 2584 (May 19, 1992) (county elected officials are officers of a political subdivision, rather than officers of the state); *Walden v. State*, 10th Dist. No. 87AP-1060, 1988 Ohio App LEXIS 1753 (May 5, 1988) (for purposes of R.C. 2743.01(A), a county prosecutor is not an instrumentality of the state of Ohio and, therefore, is an improper party defendant in the Court of Claims).

{¶ 15} Moreover, in this case, Bailey has not identified any statutory language which demonstrates that county boards of developmental disabilities are instrumentalities of the state for purposes of R.C. Chapter 2743 so as to be subject to the jurisdiction of the Court of Claims as required by *Burr*. Neither do we find any such statutory language demonstrating same. Therefore, we find that a county board of developmental disabilities is not an instrumentality of the state for purposes of R.C. Chapter 2743 so as to be subject to the jurisdiction of the Court of Claims.

**{¶ 16}** Thus, the Court of Claims did not err in finding that it lacked subject-matter jurisdiction over Bailey's claims, and therefore did not err in dismissing her complaint on that basis. Accordingly, Bailey's sole assignment of error is overruled.

## IV. Disposition

**{¶ 17}** Having overruled Bailey's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

LUPER SCHUSTER and LELAND, JJ. concur.

———————————