[Cite as *Myers v. Paint Twp.*, 2024-Ohio-4784.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JOSEPH L. MYERS | Case No. 2024-00426PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| PAINT TOWNSHIP | |
| Respondent | |

{¶1} This matter is before me for a R.C. 2743.75(F) report and recommendation. I recommend that (1) respondent be ordered to produce unredacted copies of all records responsive to the first, second, third, fifth, and seventh requests referred to in the body of requester's complaint or certify that it has no records responsive to those requests, (2) requester recover his filing fees and costs, (4) respondent bear the balance of the costs of this case, and (5) that all other relief be denied.

I.      **Background**.

{¶2} Requester Joseph Myers is a resident of respondent Paint Township ("the Township"). He has concerns about the township cemetery and a related access road. He has made multiple requests for information and records related to the cemetery and road. *PQ Miscellaneous*, filed August 30, 2024 ('*Requester's Evidence*"), pp. 5-8, 9-20.[1]

{¶3} Mr.  Myers brings this case asserting three claims. The first is that the Township failed to answer seven specific requests made in November of 2023 and resubmitted in February of 2024. He presumably seeks an order compelling the Township to produce records responsive to those requests (the "Production Claim"). The second is that the Township's response to earlier requests included too much irrelevant information

---

[1] All references to specific pages of requester's complaint and evidence are to the pages of the PDF copies posted on the court's docket.

(the "Overproduction Claim"). The third is that the Township improperly excluded him from a meeting of its trustees (the "Exclusion Claim"). *Complaint*, filed May 13, 2024, pp. 2-3.

{¶4} Mediation failed to resolve this case, and a schedule was set for the parties to file evidence and memoranda supporting their positions. Mr. Meyers has filed evidence, and that schedule has run its course. Significantly, the Township did not file any evidence and did not respond to the complaint in any way. *Order Terminating Mediation*, entered August 14, 2024; *Requester's Evidence.*

**II.      Analysis**.

**A. Requester's production claim should be granted in part**.

{¶5} Although Mr. Myers attached multiple requests to his complaint, the only requests that can properly be considered here are those referenced in the body of his complaint. *Schaffer v. Ohio State University*, 2024-Ohio-2185, ¶¶ 58-64, adopted 2024-Ohio-2625 (Ct. of Cl.)    The body of his complaint asserts that the Township "did not answer the requested public records," which he identified as:

> "(1) Annual inventory report of the township. (2) (All engineers reports and drawings to any modification of cemetery bridge from date of installation to present safe load limit of said bridge and life expectation of said bridge.) (3) Copy of agreement between Madison County Engineers and Paint Township for 'tar and chip' of cemetery lanes, (4) how township residence can use township building on Old Xenia Rd. Sw, (5) any records of a cemetery at 1969 old Xenia Rd. Sw, (6) what activities are taking place late at night at the township building on Old Xenia Rd. Sw., (7) a copy of the agreement between Madison County Engineers and Paint Township for mowing within the township include the process of payment to residents for completion of said work." *Complaint* at pp. 2, 3 (sic, bracketed numbers added).

That limits the scope of this claim to the seven specific requests referenced in that language.

{¶6} The first request referred to sought copies of "the required township annual inventory report for the previous 5 years." *Complaint* at 5; *Requester's Evidence* at 16. This request sought a specific public record. Mr. Myers' complaint specifically pled that the Township "did not answer the requested public records," which would include this

request. *Complaint*. at 3. The Township admitted that fact by virtue of Civ. R. 8(D) by failing to respond to the complaint, a pleading to which a response was required. The Township did not assert or prove the applicability of any exception to the Public Records Act, as was its burden. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶¶ 27, 35. Mr. Meyers is therefore entitled to unredacted copies of all records responsive to that request or to a statement that the Township has no responsive records.

{¶7} The second request referred to sought "all engineer drawings pertaining to the cemetery bridge addition support" and "all reports as to the condition, of this bridge . . . in it's entirety." *Complaint* at 5 (sic); *Requester's Evidence* at 16. This request sought a specific public record. Mr. Myers' complaint specifically pled that the Township "did not answer the requested public records," which would include this request. *Complaint*. at 3. The Township admitted that fact by virtue of Civ. R. 8(D) by failing to respond to the complaint, a pleading to which a response was required. The Township did not assert or prove the applicability of any exception to the Public Records Act, as was its burden. *Welsh-Huggins*, 2020-Ohio-5371, ¶¶ 27, 35. Mr. Meyers is therefore entitled to unredacted copies of all records responsive to that request or to a statement that the Township has no responsive records.

{¶8} The third request referred to sought a copy of "the contract for the Tar & Chip work that was done at Paint Township Cemetery by Madison County Engineers Office[.]" *Complaint* at 5; *Requester's Evidence* at 16. This request sought a specific public record. Mr. Myers' complaint specifically pled that the Township "did not answer the requested public records," which would include this request. *Complaint*. at 3. The Township admitted that fact by virtue of Civ. R. 8(D) by failing to respond to the complaint, a pleading to which a response was required. The Township did not assert or prove the applicability of any exception to the Public Records Act, as was its burden. *Welsh-Huggins*, 2020-Ohio-5371, ¶¶ 27, 35. Mr. Meyers is therefore entitled to unredacted copies of all records responsive to that request or to a statement that the Township has no responsive records.

{¶9} The fourth request referred to asked "how can the Township residents sign up to use the building" at the cemetery. *Complaint* at 5; *Requester's Evidence* at 16. R.C. 2743.75 only authorizes this court to grant relief for violations of R.C. 149.43(B). That

latter statute does not require a public office to respond to requests for information apart from public records. *Mantell v. Cuyahoga Cty. Prosecutor's Office*, 2023-Ohio-2768, ¶¶ 12, 13, adopted 2023-Ohio-3619 (Ct. of Cl.). Mr. Meyers' question of how township residents can use a township building is a request for information apart from records and hence is beyond the scope of R.C. 149.43(B). The court can therefore provide no relief regarding this request.

{¶10} The fifth request referred to sought "any records of a cemetery at 1969 Old Xenia Rd." *Complaint* at 2; *Requester's Evidence* at 28. This request sought a specific public record. Mr. Myers' complaint specifically pled that the Township "did not answer the requested public records," which would include this request. *Complaint*. at 3. The Township admitted that fact by virtue of Civ. R. 8(D) by failing to respond to the complaint, a pleading to which a response was required. The Township did not assert or prove the applicability of any exception to the Public Records Act, as was its burden. *Welsh-Huggins*, 2020-Ohio-5371, ¶¶ 27, 35. Mr. Meyers is therefore entitled to unredacted copies of all records responsive to that request or to a statement that the Township has no responsive records.

{¶11} The sixth request asked, "what activities are taking place late at night at the township building on Old Xenia Rd." *Complaint* at 2; *Requester's Evidence* at 28. Like the fourth request, this request sought information apart from records. Mr. Meyers is therefore entitled to no relief on this request.

{¶12} The seventh request referred to sought "a copy of the contact between Paint Township and Madison County Engineers office for any mowing of Roadway right of way." *Complaint* at 5; *Requester's Evidence* at 16. This request sought a specific public record. Mr. Myers' complaint specifically pled that the Township "did not answer the requested public records," which would include this request. *Complaint*. at 3. The Township admitted that fact by virtue of Civ. R. 8(D) by failing to respond to the complaint, a pleading to which a response was required. The Township did not assert or prove the applicability of any exception to the Public Records Act, as was its burden. *Welsh-Huggins*, 2020-Ohio-5371, ¶¶ 27, 35. Mr. Meyers is therefore entitled to unredacted copies of all records responsive to that request or to a statement that the Township has no responsive records.

{¶13} I therefore recommend that the court order the Township to produce unredacted copies of all records responsive to the first, second, third, fifth, and seventh requests referred to in the complaint or to state that it has no records responsive to those requests.

## B. The court should deny relief on the Overproduction Claim.

{¶14} This claim asserts that the Township's February 23, 2023, response to public records requests predating those just discussed "was overloaded with bogus information that was irrelevant to the requested public information." *Complaint*, p. 2. This claim fails for want of proof.

{¶15} R.C. 2743.75(D)(1) requires a requester to "attach to [his] complaint copies of … any written responses or other communications relating to the request from the public office or person responsible for public records[.]" That requires a requester to attach copies of any records produced if he challenges the legality of the production. *Hunt Eng., LLC v. Ohio EPA*, 2022-Ohio-3141, ¶ 15, adopted 2022-Ohio-3557 (Ct. of Cl.). A claim challenging the legality of a production fails for want of proof if the requester fails to attach the disputed materials to the complaint or otherwise put them before the court and that failure prevents the court from evaluating the challenged action. *Id*. at ¶¶ 15,16. See also *Langer v. Ohio State Univ. Office of Univ. Compliance & Integrity*, 2023-Ohio-2323, ¶ 15, adopted July 6, 2023 (Ct. of Cl.) (failure to attach correspondence to the complaint not fatal if the correspondence is filed as evidence).

{¶16} Mr. Meyers challenges the volume and nature of the records produced on February 23, 2023, but has not attached those records to his complaint or otherwise placed them in the record of this case. The court cannot pass on the legality of the February 23, 2023, production without those records. This claim therefore fails for want of proof. I consequently recommend that the court deny relief on this claim.

## C. The court lacks jurisdiction over the Exclusion Claim.

{¶17} Mr. Meyers' complaint also alleged that the Township's trustees wrongfully went into executive session at a meeting and wrongfully ejected him from the meeting. Complaint, p. 2. The Court of Claims has no non-public records jurisdiction over political subdivisions. *Cotten v. Court of Common Pleas*, 2018-Ohio-3948, ¶¶ 8-10 (10th Dist.);

*Dillingham v. Butler Cty. Prosecutor's Office*, 2018-Ohio-3654, ¶ 5, adopted 2018-Ohio-4360 (Ct. of Cl.). Those claims are brought against a political subdivision and do not arise under the public records laws. They are therefore beyond this court's jurisdiction.

**D. Requester is entitled to recover his filing fees and costs. Respondent should bear the balance of the costs of this case.**

{¶18} R.C. 2743.75(F)(3) entitles a requester aggrieved by a violation of R.C. 149.43(B) to recover his filing fees and costs. Mr. Myers was aggrieved by the Township's failure to produce or deny the existence of records responsive to most of the requests underlying the Production Claim. He is therefore entitled to recover his filing fees and costs. Respondent should bear the balance of the costs of this case.

**III. Conclusion.**

{¶19} In light of the foregoing, I recommend that:

A. The court order respondent to produce unredacted copies of all records responsive to the first, second, third, fifth, and seventh requests referred to in requester's complaint or certify that it has no records responsive to those requests.

B. The court award requester his filing fee and costs and order respondent to bear the balance of the costs of this case.

C. Deny all other relief.

{¶20} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
TODD MARTI
Special Master

**Filed September 17, 2024**
**Sent to S.C. Reporter 10/3/24**