[Cite as *Miller v. E. Holmes School Dist.*, 2025-Ohio-1653.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| JOHN P. MILLER, JR. | Case No. 2025-00088PQ |
| Requester | Special Master Todd Marti |
| v. | <u>RECOMMENDATION FOR DISMISSAL</u> |
| EAST HOLMES SCHOOL DISTRICT | |
| Respondent | |

{¶1} This matter is before me following a R.C. 2743.75(D) review of the complaint. Based on that review, I recommend that the court dismiss this case. I also recommend that respondent's motion to dismiss be DENIED as moot.

## I. Background.

{¶2} Requester John Miller made multiple public records requests to respondent East Holmes School District. The District seems to have produced records in response to some of the requests, denied several, and refused to respond to others. *Complaint*, filed February 3, 2025.

{¶3} Mr. Miller filed this case, submitting records requests and correspondence regarding the requests, but not asserting any specific claims or seeking any particular type of relief. That hindered my R.C. 2743.75(D)(2) review of the complaint, so I ordered Mr. Miller to file and serve an "affidavit stating the relief he seeks from this court." That order required Mr. Miller to file and serve that affidavit by February 21, 2025, and advised him that "[f]ailure to make those filings and serve them by that date may result in the dismissal of this case." That order was accompanied by a copy of Civ. R. 5. Mr. Miller filed other things pursuant to that order, but did not file the required affidavit. Further, he did not provide proof that his filing was served pursuant to Civ. R. 5. *Order*, entered February 7, 2025; *PQ Miscellaneous*, filed February 14, 2025.

{¶4} I therefore entered a second order requiring Mr. Miller to "to file and serve an affidavit stating the relief he seeks from the court and to do so by Monday, March 3, 2025." That second order required that a "copy of that affidavit shall be served on respondent in accordance with Civ. R. 5[.]." Finally, the order warned Mr. Miller that the failure "to make that filing and serve it by that date **will** result in a recommendation to dismiss this case pursuant to R.C. 2643.75(D)(2) and Civ. R. 41(B)(1)." *Order*, entered February 24, 2025. (Emphasis in original). Mr. Miller filed an unsworn statement of the relief he seeks, but did not provide proof that it was served as required by Civ. R. 5(B)(4). *PQ Miscellaneous*, filed February 28, 2025.

## II.  Analysis.

{¶5} R.C. 2743.75(D)(2) requires the special master to examine complaints and authorizes him to recommend dismissal in appropriate cases. A requester's failure to comply with court orders requiring clarification of his complaint is an appropriate basis for a R.C. 2743.75(D)(2) dismissal. *Kirk v. Coshocton Cty. Sheriff's Office*, 2019-Ohio-1825, adopted 2019-Ohio-2628 (Ct. of Cl). Dismissal is also appropriate if the complaint fails to state a claim upon which relief can be granted. *Thompson v. Cuyahoga Cty. Sheriff's Dept.*, 2018-Ohio-1577, ¶ 11 (Ct. of Cl..); *Paramount Advantage v. Ohio Dept. of Medicaid*, 2021-Ohio-4180, ¶ 27 (Ct. of Cl.). Dismissal is appropriate here, on both bases.

{¶6} Mr. Miller has failed to comply with a court order within the meaning of Civ. R. 41(B)(1). He was twice ordered to file an "affidavit" detailing the relief he sought and to serve that affidavit in compliance with Civ. R. 5. He was twice warned that the failure to do those things could result in the dismissal of this case. He has yet to do either of those things. His unsworn statement is not an "affidavit," and he has not provided proof that it was served as required by Civ. R. 5(B)(4), even though he was provided with a copy of Civ. R. 5. I therefore recommend that his case be dismissed pursuant to R.C. 2743.75(D)(2) and Civ. R. 41(B)(1).

{¶7} Mr. Miller's complaint also fails to state a claim. A party invoking R.C. 2743.75 must "plead *** facts showing that the requester sought *an identifiable public record* pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-

5371, ¶ 33 (emphasis added).  Consistent with that, a party invoking R.C. 2743.75 must identify the claims he is asserting in the body of his complaint when, as here, the attachments reflect multiple public records requests, some of which have apparently been resolved, and some of which may not have been resolved. *Schaffer v. Ohio State Univ*., 2024-Ohio-2185, ¶¶ 58-65, adopted 2024-Ohio- 2625 (Ct. of Cl.); *Myers v. Paint Twp*., 2024-Ohio-4784, ¶ 5, adopted October 21, 2024 (Ct. of Cl. Case No. 2024-00426PQ). Accord, *Kirk*, 2019-Ohio-1825, ¶ 4 (dismissing a R.C. 2743.75 complaint because instead "of providing information necessary to state a claim of violation of R.C. 149.43(B) requester has merely submitted letters between himself and respondent. The complaint leaves the court to speculate which among the numerous requests . . . requester seeks to enforce"). In such a circumstance the requester has not pled what "identifiable public record" is at issue. Mr. Miller's complaint was accompanied by copies of multiple public records requests and related correspondence, but nowhere explained what records he was denied access to or what relief he seeks. That gap is not filled by his filings of February 28 and March 25, 2025. Civ. R. 5(B)(4) prohibits their consideration because they were not accompanied by proof of service.

**III. Conclusion.**

{¶8} I therefore recommend that this case be dismissed pursuant to R.C. 2743.75(D(2). I also recommend that respondent's motion to dismiss be DENIED as moot. I further recommend that costs be assessed against Mr. Miller pursuant to R.C. 2743.09(F), and R.C. 2303.20 because he implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 2022-Ohio-1852, ¶ 25 (5th Dist.).

TODD MARTI
Special Master

**Filed April 21, 2025**
**Sent to S.C. Reporter 5/8/25**