[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Kyles*, Slip Opinion No. 2024-Ohio-5038.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5038

THE STATE OF OHIO, APPELLANT, *v.* KYLES, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Kyles*, Slip Opinion No. 2024-Ohio-5038.]

*Criminal law—R.C. 959.131—R.C. 959.131 defines "companion animal" as including "any" dog or cat—A dog or cat need not be "kept" under R.C. 959.131's definition of "companion animal" to be protected under R.C. 959.131—Court of appeals' judgment reversed and cause remanded.*

(No. 2023-1182—Submitted July 23, 2024—Decided October 23, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 112202, 2023-Ohio-2691.

_____

FISCHER, J., authored the opinion of the court, which KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., joined.

**FISCHER, J.**

{¶ 1} In this case, we are asked to decide whether the prohibition on causing serious physical harm to a companion animal under R.C. 959.131(C) protects all dogs and cats, or only those dogs and cats that are "kept." We hold that the statute protects all dogs and cats, including this cat.

## I. Facts and Procedural Background

{¶ 2} Appellee, Alonzo Kyles, was indicted on a single felony count of animal cruelty under R.C. 959.131(C) after Cleveland police officers found a distressed cat soaked in bleach in the basement stairwell of an apartment building. At a bench trial, the officers testified that when they questioned Kyles after finding the cat, Kyles explained that he was afraid of cats and so had poured bleach on the floor to make the cat leave.

{¶ 3} The officers further testified that the cat had red and swollen paws, had no collar, and was unclaimed by anyone in the building. One of the officers testified that the cat was declawed. The officers took the cat to West Park Animal Hospital to be treated.

{¶ 4} The veterinarian who had treated the cat at West Park Animal Hospital testified that it was dirty and unfriendly, but not aggressive, and that it tolerated a bath better than a typical cat. The vet noted that the cat's paws had ulcerations and that such ulcerations are a common symptom of bleach exposure. She also testified that she was unsure whether the cat was declawed. The trial court found Kyles guilty of animal cruelty, a fifth-degree felony, and sentenced him to nine months in jail.

{¶ 5} On appeal before the Eighth District Court of Appeals, Kyles argued that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Noting that the statute he was convicted under, R.C. 959.131(C), prohibits knowingly causing serious physical harm to a

companion animal, Kyles argued that the State had presented insufficient evidence that the cat was a companion animal.

{¶ 6} Reviewing the statute's definition of "companion animal," which includes "any dog or cat regardless of where it is kept," R.C. 959.131(A)(1), the Eighth District held that companion animals include only dogs and cats that are "kept," 2023-Ohio-2691, ¶ 17 (8th Dist.). The court looked at the Merriam-Webster dictionary definition of "keep," *id.* at ¶ 15, which is "to have in control" or "to take care of," *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/keep (accessed Sept. 25, 2024) [https://perma.cc/785M-JSFT]. Relying on the "care" part of the definition, the Eighth District held that the State must establish that "the cat or dog received care." 2023-Ohio-2691 at ¶ 17 (8th Dist.). The Eighth District held that the State had failed to offer sufficient evidence that the cat was "kept," and it therefore reversed Kyles's conviction. *Id.* at ¶ 18-20.

{¶ 7} The State appealed to this court, and we accepted a single proposition of law for review:

> R.C. 959.131(C) states that no person shall knowingly cause serious physical harm to a companion animal. For purposes of this felony offense, a companion animal includes any and all dogs or cats. The State need not prove that the dog or cat was cared for or was under somebody's physical control.

*See* 2023-Ohio-4410.

## II. The Parties' Arguments

{¶ 8} Ohio's animal-cruelty statute prohibits causing serious physical harm to a companion animal, R.C. 959.131(C), and defines "[c]ompanion animal" as "any animal that is kept inside a residential dwelling and any dog or cat regardless

3

of where it is kept, including a pet store as defined in section 956.01 of the Revised Code," R.C. 959.131(A)(1).

{¶ 9} The State argues that R.C. 959.131 is plain and unambiguous, that it applies to "any dog or cat," and that the term "regardless" qualifies the place the animal is found, meaning that the statute applies to "any dog or cat" "regardless" of where it is found and whether it is owned. The State also argues that the statutory scheme divides animals into "wild animals" and "domestic animals" and then includes "companion animals" and "livestock" in the domestic-animals category but does not delineate between stray animals and other domestic animals. The statutory scheme does not, the State argues, require it to prove that a dog or cat was cared for in order for the dog or cat to qualify as a companion animal.

{¶ 10} Kyles agrees that the statute is plain and unambiguous, but he argues that the phrase "regardless of where they are kept" requires that the dog or cat is, in fact, "kept." He says that the phrase "regardless of" is an exhaustive conditional phrase, which lays out conditions that constitute an "exhaustive set," meaning that one of the conditions must be satisfied. In this case, he says that the exhaustive set is *where* the dog or cat is kept and that the condition is not satisfied if the animal is not "kept" by someone.

{¶ 11} Kyles argues that his interpretation of R.C. 959.131 does not mean that the General Assembly has permitted abuse of stray dogs and cats; rather, he contends, even though only dogs and cats that are "kept" are protected as "companion animals," stray dogs and cats are protected under R.C. 959.13, which protects animals generally from cruelty. He also argues that if R.C. 959.131 applied to all dogs and cats, then the phrase "regardless of where it is kept" would be superfluous because the statute could simply have said "and any dog or cat" or could have said "any dog or cat regardless of *whether* it is kept."

### III. Analysis

**{¶ 12}** The statute in this case is no model of clarity. Both sides present reasonable textual arguments for their reading of the statute. On the whole, however, we are convinced that the State's reading is the better one. The word "any" in the primary clause provides strong support for the State's position. The statute says that a companion animal includes "any dog or cat," and "any" means "all," *Risner v. Ohio Dept. of Natural Resources, Ohio Div. of Wildlife*, 2015-Ohio-3731, ¶ 18, unless it is followed by a clear limiting condition.

**{¶ 13}** In this case, far from being followed by a clear limiting condition, "any dog or cat" is followed by the word "regardless," which means "without regard for," *Collin's Dictionary*, https://www.collinsdictionary.com/us/dictionary/english/regardless#:~:text=without%20regard%20for%2C%20or%20in,regardlessly%20(re%CB%88gardlessly) (accessed Sept. 25, 2024), and "regardless of" means "in spite of" or "without taking into account," *Merriam-Webster Online Dictionary*, https://www.merriam-webster.com/dictionary/regardless%20of (accessed Sept. 25, 2024) [https://perma.cc/6AU3-85S9]. In other words, "companion animal" includes "any dog or cat" without regard for where that dog or cat is, because the "regardless" clause is not limiting but, rather, expansive.

**{¶ 14}** We are not convinced by Kyles's argument that "regardless of where the animal is kept" is a clause that means the animal must be kept. Kyles argues that if R.C. 959.131 was meant to protect all dogs and cats, then the statute would say "any dog or cat regardless of *whether* it is kept." But the General Assembly did not have to use that language to accomplish its purpose of protecting all dogs and cats. Instead, it chose to use the expansive word, "any."

**{¶ 15}** Furthermore, the phrase "any dog or cat regardless of where it is kept" is meant to eliminate the residential requirement for dogs and cats, not create a separate requirement for dogs and cats. Because R.C. 959.131 defines "companion animal" as "any animal that is kept inside a residential dwelling," the

General Assembly included the phrase "regardless of where they are kept" to indicate that all dogs and cats are included regardless of whether they are kept in a residential dwelling.

{¶ 16} Moreover, if the legislature had intended for R.C. 959.131 to protect only dogs and cats that are "kept," it could have said so in a clear condition. For example, it could have said that "companion animal" includes "any dog or cat that is kept, regardless of where it is kept." But it did not say that. Applying the statute's plain meaning, we hold that R.C. 959.131's prohibition on causing serious physical harm to a companion animal extends to all dogs and cats.

### IV. Conclusion

{¶ 17} "Any" means all, and R.C. 959.131 defines "companion animal" as including "any" dog or cat. Therefore, we reverse the judgment of the Eighth District Court of Appeals and remand the case to that court to consider Kyles's remaining arguments that were not reached below.

Judgment reversed
and cause remanded.

_____

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione and Sarah E. Hutnik, Assistant Prosecuting Attorneys, for appellant.

Elizabeth R. Miller, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, for appellee.

Holland & Muirden and J. Jeffrey Holland, urging reversal for amici curiae Ohio Federated Humane Societies, d.b.a. Ohio Animal Welfare Federation, Cleveland Animal Protective League, and the Humane Society of the United States.

David B. Rosengard, urging reversal for amici curiae Animal Legal Defense Fund, Association of Prosecuting Attorneys, Animal Welfare Institute, and David Braff Animal Law Center.

Alana Van Gundy, Mark J. Bamberger, Kailey J. Leary, Julie S. Mills, and Vicki L. Deisner, urging reversal for amicus curiae Ohio Animal Advocates.

Holland & Muirden and DanaMarie K. Pannella, urging reversal for amicus curiae Alley Cat Allies.

_____