[Cite as *State v. Kyles*, 2024-Ohio-5817.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                          No. 112202

    v.                                      :

ALONZO KYLES,                          :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 12, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-669748-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mason P. McCarthy, Assistant Prosecuting Attorney, *for appellee*.

The Goldberg Law Firm, L.L.C., and Adam Parker, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} This case is before us on remand from the Ohio Supreme Court in *State v. Kyles*, 2024-Ohio-5038 ("*Kyles II*"), for our consideration of defendant-appellant

Alonzo Kyles' ("Kyles"), remaining arguments that were not reached in *State v. Kyles*, 2023-Ohio-2691 (8th Dist.) ("*Kyles I*").

{¶ 2} Kyles was indicted on a single felony count of animal cruelty under R.C. 959.131(C) after Cleveland police officers found a distressed cat soaked in bleach in the basement stairwell of an apartment building. R.C. 959.131(C) provides that "[n]o person shall knowingly cause serious physical harm to a companion animal." Following a bench trial, Kyles was found guilty of animal cruelty, a fifth-degree felony, and sentenced to nine months in jail. Kyles appealed, arguing that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence because the State failed to prove that he knowingly caused "serious physical harm" to a "companion animal." In *Kyles I*, we interpreted R.C. 959.131(A)(1), defining "companion animal" as used in R.C. 959.131(C); concluded that plaintiff-appellee State of Ohio ("State") failed to offer sufficient evidence that the cat was "kept," as required by the statute's language; and reversed Kyles' conviction. In *Kyles II*, the Ohio Supreme Court reversed our decision and held that R.C. 959.131(C) protects all dogs and cats regardless of whether they are "kept," including this cat.

{¶ 3} We now address Kyles' argument that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence because the State failed to prove "serious physical harm" at trial.

## I.    Facts

{¶ 4} During the bench trial, the following testimony was offered regarding the cat's condition.  Cleveland Police Officers Dominic Naples ("Officer Naples") and Michael Deighen ("Officer Deighen") responded to the apartment building after one neighbor reported that another was "dumping bleach all over the apartment."  (Tr. 14.)  Officer Naples testified that "a cat was meowing very loudly, like it was in pain," and observed "large amounts of bleach" covering the basement floor.  *Id.* at 13-14. Officer Naples saw a cat "on all fours kind of, like, laying down in the bleach, and its paws and everything were soaked and it smelled like bleach."  *Id.* at 20.   Officer Naples opined that the cat was meowing in pain because he never heard a cat meow like that before.

{¶ 5} Officer Deighen also heard a cat "crying" and making "a distressed sound." *Id.* at 23.  Officer Deighen testified that "[t]he whole floor was coated [in a mixture of water and bleach], so it wasn't like a puddle, so maybe an eighth or a quarter of an inch."  *Id.* at 29.   Officer Deighen saw "a small black cat tucked underneath the bottom of a stairwell in the basement covered in liquid" and "sitting in the bleach."  *Id.*  at 23.  Officer Deighen picked up the cat and noticed that it had bleach on its fur, its whole bottom half was covered in liquid, and its paws were burned, red, and swollen.

{¶ 6} Kyles told the officers that "he was scared of the cat, so he started dumping bleach to keep the cat away from him."  *Id.*  at 14, 24.  The officers dried

off the cat's paws, wrapped it in a towel, and took it to an emergency veterinarian at the West Park Animal Hospital.

{¶ 7} West Park Animal Hospital Emergency Room Doctor Jennifer Kinney ("Dr. Kinney") treated the cat brought in by the Cleveland police officers. She observed that the cat had an "overt strong bleach smell" and was "very quiet, almost sedate." *Id*. at 44-45. Dr. Kinney testified that she was concerned about "potential injuries" and "a potential risk of death," explaining:

> [DR. KINNEY:] Based on the bleach smell, we are concerned with caustic or toxin exposure. I don't know how that exposure happened, whether it was on the skin, ingested, breathed in, but because we can smell the bleach and the cat is acting sedate, I have to assume there was some exposure of some sort. So bleach exposure in cats, we worry about skin ulcerations, we worry about chemical burns, but also inhalation. We're worried about breathing, we're worried about ingestion where it can burn the mouth, the esophagus, the stomach. So those are the areas that I'm now focusing on because that was found on the physical exam.
>
> [THE STATE:] And can any of those conditions that you just described lead to death or serious injury?
>
> [DR. KINNEY:] Absolutely. Depending on the amount of exposure.
>
> [THE STATE:] What were the next steps you took?
>
> [DR. KINNEY:] Because the cat, when I listened to heart, lungs was otherwise stable, we went forward with bathing the cat first to get any bleach off the cat that might have been there. I believe it was noted that the paw pads were a little bit ulcerated.
>
> [THE STATE:] Can you tell us what that means?
>
> [DR. KINNEY:] That the skin — the surface of the skin was not present, so it was peeled away or burned or in some way not protecting the patient like it should.

*Id.* at 45-46, 61. While a computer-generated patient report indicated that the cat's pain score was zero out of five, Dr. Kinney tested the ulcerations that she witnessed on the cat's paws for pain and believed the cat should have reacted. The report further indicated that all diagnostic categories were within a normal range except the cat's skin. The cat's pulse indicated it was "stressed-out" and small ulcerations were found on all digital pads of the cat's front feet. *Id.* at 49. Dr. Kinney explained that serious physical harm could occur from the ingestion or inhalation of bleach and, while she did not personally observe those findings during the cat's initial exam, they could present later. The cat received basic life support care and was observed in the West Park Animal Hospital's Intensive Care Unit for a few days before being released to the Cleveland Animal Protective League for further treatment.

## II. Law and Analysis

{¶ 8} Sufficiency of the evidence and manifest weight of the evidence are two distinct concepts: "'sufficiency is a test of adequacy'" while manifest weight depends on the evidence's "'"effect in inducing belief".'" *In re Z.C.*, 2023-Ohio-4703, ¶ 13, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386-387 (1997), quoting *Black's Law Dictionary* (6th Ed. 1990). A finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding that the conviction is supported by sufficient evidence and disposes of the sufficiency issue altogether. *State v. Wilborn*, 2024-Ohio-5003, ¶ 40 (8th Dist.), citing *State v. Jackson*, 2015-Ohio-1946, ¶ 11 (8th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997).

{¶ 9} When reviewing whether a bench trial verdict is against the manifest weight of the evidence, an appellate court will not reverse the conviction so long as the trial court, who served as the factfinder rather than a jury, could reasonably conclude from substantial evidence that the State proved the offense beyond a reasonable doubt. *Id.* at ¶ 39, citing *State v. Crenshaw*, 2020-Ohio-4922, ¶ 23 (8th Dist.), and *State v. Worship*, 2022-Ohio-52, ¶ 34 (12th Dist.); *State v. Travis*, 2022-Ohio-1233, ¶ 28 (8th Dist.). To warrant reversal under a manifest-weight challenge, this court must determine that "'the trial court clearly lost its way and created such a manifest miscarriage of justice that the [bench trial] judgment must be reversed and a new trial ordered.'" *Id.*, quoting *Crenshaw* at *id.* "'A conviction should be reversed as against the manifest weight of the evidence only in the most "exceptional case in which evidence weighs heavily against the conviction."'" *Id.*, quoting *id.*, quoting *Thompkins* at 387.

{¶ 10} "Serious physical harm" is defined as physical harm that "carries an unnecessary or unjustifiable substantial risk of death"; "involves either partial or total permanent incapacity"; or "involves acute pain of a duration that results in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 959.131(A)(12).

{¶ 11} Based on the record before us, we cannot say that this is the exceptional case where the evidence weighed heavily against Kyles' conviction. Testimony was offered that when Officer Naples and Officer Deighen located the cat, it was exposed to a large amount of bleach that was covering the basement floor,

"meowing very loudly, like it was in pain"; "crying"; and making "a distressed sound." Officer Deighen noticed that the cat's paws were burned, red, and swollen. Upon emergency evaluation, ulcerations were found on all digital pads of the cat's front feet, meaning "the surface of the skin was not present, so it was peeled away or burned or in some way," and the cat's pulse indicated a state of stress. Dr. Kinney also expressed concerns about injuries and death from the cat's exposure to bleach, depending on the amount of exposure — which, in this case, appeared to be significant based on the Cleveland police officers' testimony. After receiving basic life support care, the cat was observed in the West Park Animal Hospital's Intensive Care Unit for a few days before being released to the Cleveland Animal Protective League for further treatment. Based on this evidence, the trial court could reasonably conclude that the cat suffered serious physical harm from its exposure to bleach. Accordingly, the trial court did not clearly lose its way and create such a manifest miscarriage of justice that the judgement must be reversed and a new trial ordered.

{¶ 12} Because the Ohio Supreme Court held that all cats, including this one, are protected by R.C. 959.131(C) and we find on remand that Kyles' knowingly caused serious physical harm to the cat, Kyles' assignments of error are overruled.

{¶ 13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
SEAN C. GALLAGHER, J., CONCUR