[Cite as *Cronin v. Governor of Ohio*, 2022-Ohio-829.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KEVIN CRONIN,                              :

    Plaintiff-Appellant,          :

                              No. 110802

v.                                        :

GOVERNOR OF OHIO, ET AL.,                 :

    Defendants-Appellees.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-947161

---

***Appearances:***

Kevin H. Cronin, *pro se.*

Dave Yost, Ohio Attorney General, and Iris Jin, Julie M. Pfeiffer, and Heather L. Buchanan, Assistant Attorneys General, *for appellees.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Plaintiff-appellant, Kevin Cronin ("appellant"), appeals from the trial court's August 26, 2021 judgment granting the motion to dismiss of defendants-appellees, the governor of Ohio and the Ohio attorney general (collectively "the

defendants")[1] due to lack of standing.  After a thorough review of the law and facts, we affirm.

**Procedural History**

{¶ 2} In May 2021, appellant filed a "complaint for injury, with motion seeking an emergency temporary restraining order" against the defendants. Appellant sought "an Emergency Temporary Restraining Order barring the Governor from implementing [Senate Bill] 22 [('S.B. 22')], a law to limit executive authority in acting under an emergency declaration."  Complaint, pg. 1.  According to appellant's complaint, "[t]he legislation violates the Ohio Constitution in impeding lawful executive action and impermissibly appropriates executive authority for the legislative branch of government, placing the health and safety of Ohio residents at higher risk."  *Id.*

{¶ 3} In June 2021, the defendants filed a combined motion to dismiss appellant's complaint and brief in opposition to his motion for a temporary restraining order.  The motion to dismiss was made under Civ.R. 12(B)(1) and (6). Appellant filed a brief in opposition to the motion.

{¶ 4} In June 2021, appellant filed a motion for preliminary injunction, which the defendants opposed.

{¶ 5} In August 2021, the trial court granted the defendants' motion to dismiss on the ground that appellant failed to demonstrate that he had standing to

---

[1] At all relevant times, the Ohio governor was Mike DeWine and the Ohio attorney general was David Yost.

challenge S.B. 22. Appellant appeals, raising the following assignment of error for our review: "The trial court erred in failing to address the full scope of injury imposed by the unconstitutional SB 22 regime and the denial of standing to challenge SB 22."

**Factual Background**

{¶ 6} S.B. 22 was introduced in the Ohio General Assembly in January 2021. It was passed by both the Ohio House and Senate. In March 2021, Governor DeWine vetoed it pursuant to his authority under the Ohio Constitution. *See* Ohio Constitution, Article II, Section 16. The General Assembly then overrode Governor DeWine's veto and thereafter S.B. 22 became law in Ohio. *See id.*

{¶ 7} In part, S.B. 22: (1) limits the duration of a state of emergency issued by the governor to 90 days, permits the General Assembly to terminate the state of emergency after 30 days, and allows the General Assembly to extend a state of emergency by 60 day intervals (R.C. 107.42 (A)-(F)); (2) permits the General Assembly to rescind orders and rules in response to a state of emergency (R.C. 101.36 (A)-(C)); (3) requires the governor and the Ohio Department of Health to report to the Ohio senate president and the Ohio speaker of the house any actions taken in response to the state of emergency (R.C. 107.43(B)); (4) establishes the "Ohio health oversight and advisory committee," and authorizes the committee to oversee actions taken by the governor, Department of Health, or any other agency in response to a state of emergency or for the prevention of the spread of contagious or infectious diseases (R.C. 103.65 (A)-(F); R.C. 103.651); and (5) restricts a local

board of health's authority to issue quarantine and isolation orders to specific individuals or businesses who have been medically diagnosed with a disease or have come in contact with a disease and prohibits orders affecting a class of persons (R.C. 3707.11; R.C. 3707.54).

{¶ 8} According to appellant's complaint he has "Severe Aplastic Anemia, an immune-compromised blood disorder." Complaint, at ¶ 2. He alleged that the provisions of S.B. 22 will impede his health and safety, as well as the public's health and safety because it will expose him and the public "to sickness, risk of serious/long term health impairment or death, lost work, lost education and entertainment opportunities and additional costs of medical care." *Id.* at ¶ 15.

## Law and Analysis

### Civ.R. 12(B) Motion to Dismiss

{¶ 9} Defendants' motion to dismiss stated that it was being made under Civ.R. 12(B)(1) and (6). The substance of the motion does not address Civ.R. 12(B)(1), however. Civ.R. 12(B)(1) provides for the dismissal of a complaint where the trial court lacks jurisdiction over the subject matter of the litigation. The "subject matter jurisdiction of a court is a court's power to hear and decide a case upon its merits." *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus.

{¶ 10} "Although standing is required in order to invoke the jurisdiction of the court over a particular action * * *, lack of standing does not affect the subject-matter jurisdiction of a court of common pleas." *Bank of Am., N.A. v. Kuchta*, 141

Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, paragraph three of the syllabus. Because lack of standing does not affect the court's subject-matter jurisdiction, lack of standing is not a matter subject to dismissal under Civ.R. 12(B)(1). *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. Franklin No. 12AP-256, 2012-Ohio-5383, ¶ 22.

{¶ 11} However, "a lack of standing may properly be raised in a motion to dismiss premised on Civ.R. 12(B)(6)." (Citations omitted.) *Revocable Living Trust of Mandel v. Lake Erie Util. Co.*, 8th Dist. Cuyahoga No. 97859, 2012-Ohio-5718, ¶ 11. We, therefore, limit our discussion to whether the trial court properly granted the defendants' motion to dismiss under Civ.R. 12(B)(6).

{¶ 12} Appellate review of an order dismissing a complaint for failure to state a for relief is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. However, "unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989). For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. *O'Brien v. Univ. Comm. Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

**{¶ 13}** Applying a de novo standard of review, we turn to the issue on appeal—whether appellant's complaint established his standing.

**Standing**

**{¶ 14}** "A preliminary inquiry in all legal claims is the issue of standing." *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22. Standing is a constitutionally imposed jurisdictional requirement. *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 11. Ohio Constitution, Article IV, Section 4(B) provides that common pleas courts "shall have such original jurisdiction over all justiciable matters." "A matter is justiciable only if the complaining party has standing to sue." *ProgressOhio.org* at *id.*, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

**{¶ 15}** In *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, the Supreme Court of Ohio stated the requirements for standing as follows:

> To succeed in establishing standing, plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief. These three factors — injury, causation, and redressability — constitute "the irreducible constitutional minimum of standing."

*Id.* at ¶ 22, quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**{¶ 16}** Appellant's allegations do not meet any of the three requirements.

**Injury**

{¶ 17} "[T]he injury must be concrete and not simply abstract or suspected" to be compensable. *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994). Further, an injury that is borne by the population in general, and which does not affect the plaintiff in particular, is not sufficient to confer standing. *State ex rel. Walgate v. Kasich*, 2013-Ohio-946, 989 N.E.2d 140, ¶ 11 (10th Dist.), *rev'd on other grounds*, 147 Ohio St.3d 1, 2016-Ohio-1176, 59 N.E. 3d 1240. To show standing, a private litigant:

> "[M]ust generally show that he or she has suffered or is threatened with direct and concrete injury in a manner or degree different from that suffered by the public in general, that the law in question has caused the injury, and that the relief requested will redress the injury."

*Bowers v. Ohio State Dental Bd.,* 142 Ohio App.3d 376, 380, 755 N.E.2d 948 (10th Dist.2001), quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward,* 86 Ohio St.3d 451, 469-70, 715 N.E.2d 1062 (1999).

{¶ 18} Appellant's complaint alleged that his and the public's health and safety were at risk by implementation of S.B. 22. We are not unsympathetic to the genuine health concerns appellant and others suffer. However, appellant did not allege that he had suffered or was threatened with "direct and concrete injury," or that his alleged injury or threat of injury was different from any alleged injury the public suffered or was threatened with.

{¶ 19} Rather than any allegation of a direct and concrete injury, appellant repeatedly made speculative allegations. He alleged the following for example: (1) "The Governor's Orders have created safety and stability in addressing [COVID-19],

which *could* be challenged under SB 22" (Complaint, ¶ 2); (2) "Among other restrictions, SB 22 provides that the Governor's emergency orders, including the current covid19 health orders, *may* be forced to expire or be rescinded by the legislature" (*Id.* at ¶ 7); (3) "The implementation of SB 22 places plaintiff and [the] public at significant health risk, facing the legislature's cancellation of the Governor's protective health directives, which *could* lead to" various alleged negative consequences (*Id.* at ¶ 14); and (4) "SB 22 threatens to cancel emergency measures of the Governor and health advisors that have protected plaintiff and the public, *potentially* proposing wild swing in policy and emergency response" (*Id.* at ¶ 16) (All emphasis added.) These speculative statements of possible future harm do not confer standing to appellant.

{¶ 20} Moreover, appellant failed to differentiate his alleged harm from that suffered by the public in general. Rather, appellant's alleged harm and the public's alleged harm are the same.

{¶ 21} This case is akin to *State ex rel. Walgate*, 2013-Ohio-946, 989 N.E.2d 140. In *State ex rel. Walgate*, the Supreme Court of Ohio held that plaintiffs who challenged various gambling laws based on the alleged negative effects of gambling on them and their communities lacked standing to sue because they failed to allege any direct, concrete injuries outside those affecting the general public. *Id.* at ¶ 20-22. The Supreme Court found that the negative effects of gambling "do not constitute concrete injuries to appellants that are different in manner or degree from

those caused to the general public, were not caused by the state's conduct, and cannot be redressed by the requested relief." *Id.* at ¶ 22.

{¶ 22} Likewise, in this case, appellant's interest in health and safety is the same interest shared by the general public. Because appellant failed to allege that he suffered a direct and concrete injury different from that allegedly suffered by the public in general, he has no standing to bring this action.

**Causation**

{¶ 23} Appellant's complaint failed to allege causation as well. Appellant needed to allege that the defendants' conduct was "fairly traceable to [their] allegedly unlawful conduct." *Moore*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, at ¶ 22. Rather than alleging that Governor DeWine engaged in unlawful conduct, appellant's complaint did the opposite — it complimented Governor DeWine's actions relative to the Covid-19 pandemic. *See, e.g.,* Complaint at ¶ 2 (alleging that appellant "utilizes and benefits from health services and public safety and health directives issued under the Governor's emergency declarations to protect public health and safety during the [COVID-19], global health epidemic" and that the "Governor's Orders have created safety and stability in addressing [COVID-19]."). Appellant failed to allege that any action taken by Governor DeWine caused him injury.

{¶ 24} Appellant likewise failed to allege that any action taken by Attorney General Yost harmed him. In regard to Attorney General Yost, appellant alleged that he was "authorized to represent the state of Ohio in legal matters and in

challenges to the constitutionality of enacted laws, pursuant to Ohio Rev. Code §2721.12," and that he held "responsibility to defend the constitutionality of enacted laws, pursuant to Ohio Rev. Code §2721.12."[2] Complaint at ¶ 4, 12.

**Redressability**

{¶ 25} Redressability means that a plaintiff is "likely to be redressed by the requested relief." *Moore*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, at ¶ 22. Appellant's request for relief was for the trial court to "impose a restraining order to prohibit the Governor from executing and implementing the SB 22 requirements." Complaint, at request for relief. The governor would not have been constitutionally able to do that. After the Ohio House and Senate passed the bill, Governor DeWine vetoed it. The General Assembly then overrode Governor DeWine's veto, resulting in it "becom[ing] law notwithstanding the objections of the governor." Ohio Constitution, Article II, Section 16.

{¶ 26} On this record, appellant failed to demonstrate the threshold requirement of standing — that is, injury, causation, and redressability. The trial court therefore did not err in granting the defendants' motion to dismiss.

**Exceptions to an Individual Plaintiff's Standing**

**Public-Right Standing and Taxpayer Standing**

{¶ 27} Appellant contends that in addition to having traditional standing, he also had standing under the concepts of public-right standing and taxpayer

---

[2] R.C. 2721.12(A) provides that "if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard."

standing.  Appellant failed to allege that he had either category of standing at the trial-court level.  Parties cannot raise any new issues for the first time on appeal, and the failure to raise an issue at the trial level waives it on appeal.  *Gangale v. Bur. of Motor Vehicles*, 10th Dist. Franklin No. 01AP-1406, 2002-Ohio-2936, ¶ 58.  Even if appellant had raised public-right standing and taxpayer standing at the trial-court level, his contention of standing on those grounds would have failed.

{¶ 28} The public-right doctrine presents "an exception to the personal-injury requirement of standing."  *Sheward*, 86 Ohio St.3d at 503, 715 N.E.2d 1062.  The doctrine provides that "when the issues sought to be litigated are of great importance and interest to the public, they may be resolved in a form of action that involves no rights or obligations peculiar to named parties."  *Id.* at 471.  To succeed in bringing a public-right case, a litigant must allege "rare and extraordinary" issues that threaten serious public injury.  *Id.* at 504. Not all allegedly illegal or unconstitutional government actions rise to this level of significance.  *Id.* at 503.  Public-right standing is available only in mandamus actions "to procure the enforcement or protection of a public right."  *Id.* at paragraph one of the syllabus.

{¶ 29} Appellant's action was not brought as a mandamus action.  It also did not seek to protect or enforce a public right; rather his action was brought as a "Complaint for Injury," wherein he challenged the constitutionality of S.B. 22.  Public-right standing does not apply to this case.

{¶ 30} Taxpayer standing applies when "public officers attempt to make an illegal expenditure of public money, or to create an illegal debt, which [a taxpayer],

in common with other property holders of the taxing district, may otherwise be compelled to pay." *State ex rel. Masterson v. Ohio State Racing Comm.*, 162 Ohio St. 366, 123 N.E.2d 1 (1954). "In the absence of statutory authority, * * * a taxpayer lacks legal capacity to institute a taxpayer action unless he [or she] has some special interest in the public funds at issue." *State ex rel. Dann v. Taft*, 110 Ohio St.3d 1, 2006-Ohio-2947, 850 N.E.2d 27, ¶ 13.

{¶ 31} Appellant did not challenge expenditures to or from any fund. He also did not seek to compel any relief from any fund. Taxpayer funding standing is wholly inapplicable to this case.

{¶ 32} In view of the above, the public- and taxpayer-standing exceptions to personal-injury standing did not apply in this case.

**Conclusion**

{¶ 33} Appellant failed to demonstrate that (1) he had a direct and concrete injury due to S.B. 22, (2) any alleged harm he suffered or will suffer are because of S.B. 22, and (3) his alleged harm would be redressed by his requested relief. On this record, he failed to establish that he has standing to bring his action. The doctrines of public-right standing and taxpayer standing do not confer standing to appellant. The trial court properly granted the defendants' motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim on which relief could be granted. Appellant's sole assignment of error is without merit and hereby overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN T. GALLAGHER, J., CONCUR