[Cite as *Lavar v. Accel Schools Ohio*, 2025-Ohio-3150.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LAVAR MARTIN,                          :

    Plaintiff-Appellee,            :

    v.                             :

              No. 114804

ACCEL SCHOOLS OHIO,                    :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** September 4, 2025

---

Administrative Appeal from the Court of Claims
Case No. 2024-00490PQ

---

### *Appearances:*

Lavar Martin, *pro se.*

Ford Law PLLC and Darren W. Ford, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Accel Schools Ohio ("Accel") appeals the decision of the trial court denying its motion to dismiss pursuant to Civ.R. 12(B)(1). For the reasons that follow, we reverse the decision of the Court of Claims.

**Factual and Procedural History**

{¶ 2} In June 2024, Lavar Martin ("Martin"), acting pro se, filed a complaint in the Court of Claims alleging that Accel had failed to respond to public-records requests he submitted in May and June 2024 in violation of R.C. 149.43(B). Prior to filing, Martin sought personnel files for several named individuals; employment files for all administrators employed during the 2020-2024 school years, including the source of funding for the salaries of administrators, regional vice presidents, and regional directors of academics; offer letters provided to the identified individuals as well as certain deans of the schools; and all documents relating to the interviewing and selection process for the previously identified individuals and deans. Accel, through various intermediaries, responded to each of Martin's requests that there were no public records available, leading Martin to file his complaint.

{¶ 3} The Court of Claims subsequently assigned a special master to the case pursuant to R.C. 2743.75. The special master, also pursuant to statute, referred the case to mediation. The parties were unable to resolve their issues in mediation, and the case was returned to the special master for deliberation in October 2024. The special master issued a series of orders, including an order for Accel to submit under seal unredacted records for in camera review responsive to Martin's public-records requests that it claimed were exempt from production under R.C. 149.011, 149.43(A)(1)(v), or some other law.

{¶ 4} Subsequently, Accel filed objections to the order terminating mediation, noting that Accel had not raised any exemption, "but rather, challenge[d] whether the requested records fall within the definition of a 'public record' and whether Accel is a 'public office' from [which] any such records may be requested within the meaning of the Public Records Act, R.C. 149.43, *et seq.*" Accordingly, Accel took the position that the order to provide the documents was premature until the special master determined whether Accel was subject to the requirements of the Public Records Act. Martin filed a responsive brief in opposition arguing that Accel qualified as a public office and was subject to the Public Records Act.

{¶ 5} The special master overruled Accel's objections, noting that R.C. 2743.75 was intended to provide "an expeditious and economical procedure . . . to resolve disputes alleging a denial of access to public records" and finding that the order was designed to facilitate that process. R.C. 2743.75(A). The special master ruled that Accel could refrain from submitting the requested documents in camera if Accel waived any claim that any of the materials were exempt from the class of public records under R.C. 149.43(A) or any other law. Accel ultimately elected to file unredacted documents with the court under seal.

{¶ 6} On November 1, 2024, Accel filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Civ.R. 12(B)(1) and for failure to state a claim for which relief can be granted under Civ.R. 12(B)(6). Accel argued that as a limited liability company incorporated under the laws of the state of Delaware it was not the "state" or a "political subdivision" as those terms are defined in R.C. Ch. 2743 and it

was therefore not under the statutory jurisdiction of the Court of Claims. Accel further argued that it was not the functional equivalent of a public office, was not a "person responsible for public records," and could not be named as a party under the Public Records Act to obtain public records under R.C. 149.43(C). Further, Accel argued that, even if it were subject to the court's jurisdiction, the documents requested were not subject to disclosure under the Public Records Act because they are not "records" as defined within the Act.

{¶ 7} In November 2024, the special master filed his report and recommendation. He denied Accel's motion to dismiss under Civ.R. 12(B)(1), finding that the Court of Claims had jurisdiction over a private entity, construing R.C. 2943.03(A)(3)(b). He also denied the motion to dismiss under Civ.R. 12(B)(6), finding that Accel's motion impermissibly relied on material outside of the complaint. Finally, the special master recommended that the Court of Claims find that Accel was the functional equivalent of a public office and grant portions of Martin's public-records request.

{¶ 8} Accel filed objections to the report and recommendations, which in pertinent part, argued that the Court of Claims should exercise its power under R.C. 2743.75(C)(2) to dismiss the case on the basis that whether the court had jurisdiction over a private entity presented an issue of first impression that is of great public interest and the case should be refiled as a mandamus action in an appropriate court. Further, Accel disagreed with the special master's reading of R.C. 2943.03(A)(3)(b), arguing that because the statute constituted an exception to the

Court of Claim's jurisdiction, the statute must be narrowly construed against the state. Accel also challenged the special master's finding that it was functionally equivalent to a public office. Martin filed a brief in response, opposing the objections and supporting the special master's findings.

{¶ 9} In December 2024, the Court of Claims overruled Accel's objections and adopted the special master's report and recommendations. *Martin v. Accel Schools Ohio*, 2024-Ohio-6143, ¶ 29 (Ct. of Cl.). The court found that Accel's request for dismissal under R.C. 2743.75(C)(2) was inconsistent with its contention that the Court of Claims lacked subject-matter jurisdiction. If it lacked subject-matter jurisdiction, then a ruling under R.C. 2743.75(C)(2) would be void ab initio. Further, the court found that whether a private entity should be required to produce records was not an issue of first impression for the Court of Claims because the issue had been addressed in at least two previous cases.

{¶ 10} The Court of Claims found that it did have subject-matter jurisdiction, finding that the language of R.C. 2743.03(A)(3)(b) plainly and unambiguously granted the court jurisdiction to hear public-records cases; thus no statutory interpretation was required. Further, the Court of Claims found that because the statute was unambiguous it did not need to be construed, so the court did not need to apply a narrow construction. The Court of Claims then went on to describe how community schools in the State of Ohio have been designated public offices and how records that serve to document the organization, functions, policies, decisions,

procedures, and activities of community schools were subject to the Public Records Act.

{¶ 11} Based on a review of Accel's School management agreement with the two community schools it managed in Cuyahoga County, the Court of Claims found that the documents were public records subject to the Public Records Act and that Accel was required to produce them under both a quasi-agency theory and the functional equivalency test.

{¶ 12} Accel appeals raising the following assigned errors for our review.

**Assignment of Error No. 1**

The Court of Claims lacked subject matter jurisdiction over [Martin's] claim because claims against private entities under R.C. 149.43 are not within the Court's expanded jurisdiction over public records complaints governed by R.C. 2743.03(A)(3)(b).

**Assignment of Error No. 2**

The Court of Claims erred in finding that [Accel] is the "functional equivalent of the two community schools for which it provides management services.

**Assignment of Error No. 3**

The Court of Claims erred in finding that [Accel] is a "quasi-agent" of the two community schools it manages with respect to [Accel's] personnel records sought by the public records request.

**Law and Analysis**

{¶ 13} We begin with the first assignment of error because it is dispositive of this appeal. Accel argues that the trial court erred when it failed to grant its motion to dismiss under Civ.R. 12(B)(1). Specifically, Accel argues that the General

Assembly's enactment of R.C. 2743.03(A)(3)(B) did not expand the Court of Claims' jurisdiction to private entities. We find that Accel's argument has merit.

**Standard of Review**

{¶ 14} A party may move for dismissal under Civ.R. 12(B)(1) when they wish to challenge the subject-matter jurisdiction of the court. *Cronin v. Governor of Ohio*, 2022-Ohio-829, ¶ 9 (8th Dist.). "'[S]ubject matter jurisdiction of a court is a court's power to hear and decide a case upon its merits.'" *Id.*, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. When ruling on a Civ.R. 12(B)(1) motion, the "trial court must determine 'whether any cause of action cognizable by the forum has been raised in the complaint.'" *Johnson v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-4885, ¶ 10 (10th Dist.), quoting *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989), citing *Avco Fin. Servs. Loan, Inc. v. Hale*, 36 Ohio App.3d 65, 67 (10th Dist. 1987). To conduct this review, the court "may consider any pertinent materials and is not confined to the allegations in the complaint." *Id.*, citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 15} An appellate court reviews a trial court's ruling on a motion to dismiss pursuant to Civ.R. 12(B)(1) de novo. *Mason v. Mason*, 2024-Ohio-5950, ¶ 7 (2d Dist.), citing *Cook v. Pitter Patter Learning Ctr., LLC*, 2022-Ohio-961, ¶ 17 (2d Dist.), citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State of Ohio*, 2016-Ohio-478, ¶ 12. Under de novo review, this court "afford[s] no deference to the trial court's

decision and independently review[s] the record." *Johnson v. Cleveland City School Dist.*, 2011-Ohio-2778, ¶ 53 (8th Dist.).

**The Court of Claims' Jurisdiction**

{¶ 16} The Court of Claims was created by statute. *State ex rel. Dewine v. Court of Claims of Ohio*, 2011-Ohio-5283, ¶ 19. As such, "the jurisdiction of the Court of Claims is limited by statute and specifically confined to the powers conferred by the legislature." *Id.* at ¶ 21. The Court of Claims' jurisdiction is defined, in part, in R.C. 2743.03 and provides that

> the court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code and exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims.

{¶ 17} Additionally, "[t]he only defendant in original actions in the court of claims is the state." R.C. 2743.02(E). It has been repeatedly found that the Court of Claims lacks subject-matter jurisdiction to hear cases where the defendant was not the state, as defined in R.C. 2743.01(A).[1] *See Cotten v. Court of Common Pleas*, 2018-Ohio-3948 (10th Dist.) (Court of Claims properly dismissed complaint where the defendant was not the State of Ohio, but rather two political subdivisions);

---

[1] Under R.C. 2743.01(A), "State" refers to "the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions." Further, R.C. 2743.01(B) defines "Political subdivision" as "municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."

*Brown v. State*, 2023-Ohio-1725, ¶ 8 (10th Dist.) (finding that the Court of Claims properly dismissed a complaint against the Ashtabula Court of Commons Pleas, as a political subdivision, and noting that the court of appeals had repeatedly found that the Court of Claims' jurisdiction did not extend to courts of common pleas); *Elkins v. Natl. Labor Relations Bd.*, 1981 Ohio App. LEXIS 10681, *3 (10th Dist. Nov. 19, 1981) (noting that the only defendant in the Court of Claims is the state, and the court had no jurisdiction over a federal agency); *Littleton v. Holmes Siding Contractor, Ltd.*, 2013-Ohio-5602, ¶ 9 (10th Dist.) (where, after trial court denied plaintiff's motion to join the state as a party, the plaintiff tried to have the case removed to the Court of Claims, the Court of Claims properly refused to hear the case because it did not have jurisdiction to hear a case between private parties).

{¶ 18} In 2016, the General Assembly enacted R.C. 2743.75, which created a process for public-records access proceedings in the Court of Claims. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 9. Prior to the enactment of R.C. 2743.75, the remedy to compel compliance with the Public Records Act was an action in mandamus. *Id.* at ¶ 11. Afterward,

> [a] person allegedly aggrieved by a denial of access to public records in violation of R.C. 149.43(B) may now file either a mandamus complaint pursuant to R.C. 149.43(C)(1)(b) or a public-records-access complaint in the Court of Claims pursuant to R.C. 2743.75. The person cannot pursue both remedies.

*Id.* at ¶ 12.

{¶ 19} That same year the General Assembly enacted R.C. 2743.03(A)(3)(b) which provides:

In addition to its exclusive, original jurisdiction as conferred by divisions (A)(1) and (2) of this section, the court of claims has exclusive, original jurisdiction as follows:

(b) Under section 2743.75 of the Revised Code to hear complaints alleging a denial of access to public records in violation of division (B) of section 149.43 of the Revised Code, regardless of whether the public office or person responsible for public records is an office or employee of the state or of a political subdivision.

{¶ 20} In its ruling, the Court of Claims maintained that R.C. 2743.03(A)(3)(b)'s language "plainly and unambiguously" provides that the court has exclusive, original jurisdiction to hear complaints alleging denial of access to public records. *Martin,* 2024-Ohio-6143, at ¶ 20. Accel disagrees, arguing that while the language allows the court to hear cases under the Public Records Act, the language only allows the Court of Claims to hear cases involving the state and/or political subdivisions and or subdivisions, not private entities. Thus, the key question is the meaning of the language in R.C. 2743.03(A)(3)(b).

{¶ 21} When deciding the meaning of a statute, a court does not ask "'what did the general assembly intend to enact, but what is the meaning of that which it did enact.'" *State ex rel. Dudley v. Yost*, 2024-Ohio-5166, ¶ 14, citing *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip.*, 2003-Ohio-1099, ¶ 12, citing *Symmes Twp. Bd. of Trustees v. Smyth*, 87 Ohio St.3d 549 (2000). In doing so, courts have to give effect to all parts of the statutory scheme and may not add words or delete words from the statutory

language.  *Dudley* at ¶ 14, citing *Columbia Gas Transm. Corp. v. Levin*, 2008-Ohio-511, ¶ 19.

{¶ 22} In its review of the statute, the Court of Claims focused solely on the grant of original, exclusive jurisdiction over denial of access to public records, but ignored the final phrase, "regardless of whether the public office or person responsible for public records is an office or employee of the state or of a political subdivision."  "Regardless" means "without regard for," and "regardless of" means "in spite of" or "without taking into account." (Citations omitted.)  *State v. Kyles*, 2024-Ohio-5038, ¶ 13.  The plain language of the statute expands the jurisdiction of the Court of Claims to include denial of access to public-records cases, in spite of, or without taking into account, whether the public office or the person responsible for public records is an office or employee of the state or a political subdivision.

{¶ 23} Because the court did not previously have jurisdiction over political subdivisions, the language is an expansion of the Court of Claims' jurisdiction, but a limited expansion.  Statutorily created courts may exercise subject-matter jurisdiction only if it is expressly granted the authority to do so by statute.  *See Caballero v. Caballero*, 2023-Ohio-1006, ¶ 14 (10th Dist.); *Dewine*, 2011-Ohio-5283, at ¶ 20 (comparing the jurisdiction of the Court of Claims to other statutory courts and noting that if the power is not conferred by statute, it does not exist); *State ex rel. Cordray v. Court of Claims of Ohio*, 2010-Ohio-4437, ¶ 30, ("[W]hen courts construe authority a legislative body has granted, 'the intention of that grant of power, as well as the extent of the grant, must be clear and if there is doubt, that

doubt must be resolved against the grant of power.' *Ohio Fresh Eggs, L.L.C. v. Boggs,* 2009-Ohio-3551*, ¶* 29, citing *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health,* 2002-Ohio-4172 ¶ 40, quoting *State ex rel. A. Bentley & Sons Co. v. Pierce,* 96 Ohio St. 44, 47 (1917).").

{¶ 24} R.C. 2743.03(A)(3)(b) did not expressly expand the jurisdiction of the Court of Claims to private entities; accordingly, the Court erred when it denied Accel's motion to dismiss under Civ.R. 12(B)(1).

{¶ 25} Martin argues that the central issue in this case is whether a private management company like Accel is subject to the Public Records Act and argues that Accel is merely trying to evade accountability under the act. We want to make clear that this ruling does not address whether a private entity is subject to the Public Records Act. It is well settled that a private agency may be subject to the Public Records Act under the functional equivalency test or the quasi-agency theory. *See State ex rel. Bell v. Brooks*, 2011-Ohio-4897, ¶ 19; *S/O ex rel. Am. Ctr. for Economic Equality v. Jackson*, 2015-Ohio-4981, ¶ 15. The primary question in this case is whether the Court of Claims has subject-matter jurisdiction to hear the case, and we must answer that question in the negative.

{¶ 26} Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Court of Claims to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court
of Appeals.)