[Cite as *Jones v. Ohio*, 2026-Ohio-934.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KENNETH W. JONES,                          :

    Plaintiff-Appellant,           :

                             No. 115291

    v.                             :

STATE OF OHIO, ET AL.,                     :

    Defendants-Appellees.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 19, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-113903

---

### *Appearances:*

Kenneth W. Jones, *pro se.*

Dave Yost, Attorney General of Ohio, Henry G. Appel, Principal Assistant Attorney General, and Breeanna R. Wells, Assistant Attorney General, *for appellee* State of Ohio.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Craig A. McClelland and Bridget E. Dever, Assistant Prosecuting Attorneys, *for appellee* Cuyahoga County.

Mark D. Griffin, Cleveland Director of Law, William Menzalora, Chief Assistant Director of Law, and Carli R. Young and Caroline Lettrich, Assistant Directors of Law,

*for appellee* City of Cleveland.

MARY J. BOYLE, P.J.:

{¶ 1} Plaintiff-appellant Kenneth Jones, pro se, appeals the trial court's judgment dismissing his complaint on the basis of lack of subject-matter jurisdiction and political-subdivision immunity. He raises the following six assignments of error for review:

> **Assignment of Error I:** The lower court['s] first assignment of error was not allowing case management to proceed without discovery.
>
> **Assignment of Error II:** The lower court['s] second assignment of error was to dismiss without allowing Federal Rule and Ohio Civil Rule 21 mis-joinder and non-joinder to assist in the proper parties being joined for legal claim.
>
> **Assignment of Error III:** The lower court['s] third assignment of error . . . was in ignoring [Jones's] rights in an[d] of it's oath to uphold the United States Constitution and it's amendments, being the 1st, 4th, 5th, and 14th violations of the United States Constitution and it's bill of rights.
>
> **Assignment of Error IV:** The lower court be it intentionally or un-intentional deprived [Jones] of the usage and right of the 5th and 14th amendment rights to the United States Constitution being the due process clause.
>
> **Assignment of Error V:** The lower court [erred] in dismissing the State, not the State of Ohio et.al., because an agent of the State can be held liable for actions taken on behalf of a principal if they act without authority or exceed their granted authority, potentially leading to legal consequences for both the agent and the principal . . . is or was a State of Ohio agent[.]
>
> **Assignment of Error VI:** The lower court appears to deliberately refused to sever or separate principals from agents for precise and proper litigation for want of reason in prosecutorial purposes.

{¶ 2} For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 3} This appeal arises from a criminal case against Jones for his wife's murder, which occurred approximately 38 years ago, and the subsequent events that Jones alleged took place as a result of that prosecution.[1] Ultimately, the aggravated-murder charges against Jones were dismissed. However, in March 2025, Jones brought a pro se complaint against defendants-appellees the State of Ohio ("State"), Cuyahoga County ("County"), and the city of Cleveland ("City") (collectively "appellees") because of a statement in his wife's death certificate from 1987 that she was "stabbed by husband." The complaint contains vague allegations against appellees for civil rights violations; various torts, including defamation, loss of consortium, conspiracy, and criminal damaging to his vehicle; and public records violations.

{¶ 4} In response to Jones's complaint, the State and County each filed respective motions to dismiss and the City filed an answer that was followed with a motion for judgment on the pleadings. The State argued that the trial court lacked subject-matter jurisdiction to hear a claim of money damages against it because the Ohio Court of Claims has exclusive jurisdiction over civil actions against the State for money damages. Additionally, the State, citing to *Jones v. United States*, 2003 U.S. Dist. LEXIS 28483 (N.D.Ohio Oct. 15, 2003), noted that Jones was declared a

---

[1] *See State v. Jones*, Cuyahoga C.P. No. CR-87-216540-ZA. We note that a court may take notice of a court docket that is publicly available on the internet. *State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8.

vexatious litigator in the United States District Court for the Northern District of Ohio. The *Jones* Court stated:

> [Jones] has established a pattern of filing complaints in this court and others which are patently frivolous and vexatious and which appear calculated to harass the court and abuse the judicial process. Indeed, since 1989, [Jones] has instituted no less than fourteen actions, nine of which have been filed in this court. All of these cases were eventually dismissed. (See Exhibits to Cuyahoga County's Motion for Order Enjoining [Jones]).
>
> Accordingly, [Jones] is hereby permanently enjoined from filing new lawsuits or other documents without seeking and obtaining leave of court from a United States Magistrate Judge[.]

*Id.* at *11.

**{¶ 5}** According to the State, since being declared a vexatious litigator in 2003, Jones has continued to file repetitive lawsuits about the death of this wife, including a 2011 case in the United States District Court for the Northern District of Ohio (*Jones v. United States*, 2012 U.S. Dist. LEXIS 118578, *3-5 (N.D. Ohio Aug. 21, 2012)); a 2012 case in the D.C. District Court against numerous defendants including the federal judge who declared him a vexatious litigator and a judge on the Sixth Circuit Court of Appeals (*Jones v. United States*, 949 F.Supp.2d 50, 54 (D.D.C. 2013)); a 2020 appeal to the Sixth Circuit (*In re Jones*, 2020 U.S. App. LEXIS 39048 (6th Cir. Dec. 11, 2020); a 2021 case against Attorney General Dave Yost, the County, and others in the D.C. District Court (*Jones v. United States*, 2021 U.S. Dist. LEXIS 257313 (D.D.C. Oct. 25, 2021)); and an appeal to the D.C. Circuit Court (*Jones v. United States*, 2022 U.S. App. LEXIS 28027 (D.C. Cir. Oct. 6, 2022)).

{¶ 6} In the County's motion to dismiss, the County argued that Jones failed to properly plead his claims; the County is entitled to political-subdivision immunity; the trial court lacks subject-matter jurisdiction over public-records request grievances; and res judicata bars Jones's claims because they have previously been raised and rejected in federal court.

{¶ 7} In its motion for judgment on the pleadings, the City argued that Jones failed to adequately plead his claims; the City is entitled to political-subdivision immunity; the claims are barred by the statute of limitations; and Jones failed to comply with R.C. 149.43's requirements for public-records requests.

{¶ 8} In June 2025, the trial court granted the State and County's respective motions to dismiss and the City's motion for judgment on the pleadings. In a thorough opinion, the court decided the motions on subject-matter jurisdiction and political-subdivision immunity. The court stated:

> [Jones's] Complaint seeks monetary damages from the State of Ohio and therefore is within the exclusive jurisdiction of the Court of Claims. All claims against the State of Ohio [are] dismissed on this basis.
>
> . . .
>
> Pursuant to R.C. 2744.02(A)(1), governmental entities such as Defendant Cuyahoga County and Defendant City of Cleveland "are not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
>
> . . .
>
> To overcome this statutory immunity a plaintiff must [show] that one of the five exceptions contained in R.C. 2744.02(B) applies.

. . .

> [Jones] does not argue that any of these exceptions to immunity apply. Nothing in [Jones's] Complaint suggests any of these exceptions apply. Therefore, Defendants Cuyahoga County and the City of Cleveland are dismissed.

(Opinion and Order, June 9, 2025.)

{¶ 9} It is from this order that Jones now appeals, raising six assignments of error for review.

## II. Law and Analysis

{¶ 10} Before we address Jones's assignments of error, we note that our ability to review them is hampered by Jones's failure to follow the requirements of the Ohio Appellate Rules in several respects. Jones has failed to make any references to the record identifying the alleged errors made in the trial court in violation of App.R. 16(A)(3), as well as failed to reference the assignment of error to which the statement of the issues relates, as required by App.R. 16(A)(4). Additionally, App.R. 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) permits the court to disregard an assignment of error if the party raising it fails to comply with the requirements of App.R. 16(A). Notwithstanding the foregoing, in the interests of justice, we will address Jones's fifth assignment of error, challenging the dismissal of his case.

**A. Standard of Review**

{¶ 11} In the matter before us, the State's motion to dismiss was brought pursuant to Civ.R. 12(B)(1), which provides for the dismissal of a complaint where the trial court lacks jurisdiction over the subject matter of the litigation. We note that the "[s]ubject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits[.]" *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. "'[I]n the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss[.]'" *State v. Hudson*, 2022-Ohio-1435, ¶ 22, quoting *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 21.

{¶ 12} The County's motion was brought under Civ.R. 12(B)(6) for the failure to state a claim upon which relief can be granted. We note that a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Under Civ.R. 12(B)(6), a complaint may be dismissed only if the court: (1) accepts all factual allegations as true; (2) draws all reasonable inferences in favor of the nonmoving party; and (3) concludes beyond doubt from the complaint that the plaintiff can prove no set of facts warranting relief. *State ex rel. Williams Ford Sales, Inc. v. Connor*, 72 Ohio St.3d 111, 113 (1995), citing *State ex rel. Martines v. Cleveland City School Dist. Bd. of Edn.*, 70 Ohio St.3d 416 (1994).

{¶ 13} The City sought judgment on the pleadings under Civ.R. 12(C), which states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A judgment on the pleadings dismissing a case is proper when the trial court: "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996), citing *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99 (8th Dist. 1992).

{¶ 14} We review a trial court's ruling on a motion to dismiss under Civ.R. 12(B)(1) and (6) and a motion for judgment on the pleadings under Civ.R. 12(C) de novo. *State ex rel. Ohio Civ. Serv. Emp. Assn. v. Ohio*, 2016-Ohio-478, ¶ 12, citing *Groza-Vance v. Vance*, 2005-Ohio-3815, ¶ 13 (10th Dist.); *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480; *Pontious* at 569. Under a de novo review, this court "'afford[s] no deference to the trial court's decision and independently review[s] the record.'" *Martin v. Accel Schools Ohio*, 2025-Ohio-3150, ¶ 15 (8th Dist.), quoting *Johnson v. Cleveland City School Dist.*, 2011-Ohio-2778, ¶ 53 (8th Dist.).

{¶ 15} While the nature of Jones's claims against appellees is not entirely clear, he specifically alleged "defamation" and requested relief in "least amount of Eight figure(s) (8)" against the appellees. (Complaint, Mar. 18, 2025.) Jones later clarified this amount to be a "[t]otal sum in excess of $25 Million Dollars

($25,000,000 With 10% in annum for all damages[)].” (Addendum, Mar. 31, 2025.) As a result, we will in turn address the propriety of the dismissal regarding each appellee.

**B. The State**

{¶ 16} “In 1975, the General Assembly enacted [the Court of Claims Act] creating the Court of Claims and specifying the forum and manner in which actions may be brought against the state and its officers and employees.” *Conley v. Shearer*, 64 Ohio St.3d 284, 286 (1992), citing R.C. 2743.01 to 2743.72. R.C. 2743.01(A) defines “State” to mean “the state of Ohio, including, but not limited to . . . all departments, boards, offices, commissions, [and] agencies[.]” Under the Court of Claims Act, the State can only be sued in the Ohio Court of Claims, giving the Court of Claims “exclusive, original jurisdiction” over civil causes of action for money damages against the State. *Boggs v. State*, 8 Ohio St.3d 15, 16-17 (1983) (finding the language of the Court of Claims Act “clear and unambiguous” and that it does not “in any way give consent for the state to be sued in any forum other than the Court of Claims”); R.C. 2743.02(A)(1).

{¶ 17} In this case, Jones specifically requested relief in excess of $25 million for his defamation and other intentional tort claims. Because Jones requested money damages from the State of Ohio in a civil action, we find the trial court correctly determined that it lacked subject-matter jurisdiction over his claims. Jones's claims for money damages against the State belong in the Court of Claims.

Therefore, the trial court's dismissal of Jones's complaint on these grounds was proper.

### C. The County and the City

{¶ 18} Both the County and the City sought the dismissal of Jones's complaint, contending that they are immune from liability under R.C. Ch. 2744 as political subdivisions, and focus on this argument on appeal.

{¶ 19} Under the Political Subdivision Tort Liability Act, codified in R.C. Ch. 2744, governmental entities, such as the County and the City, are "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1).

{¶ 20} The process of determining whether a political subdivision is immune from liability involves a three-tiered analysis. *Colbert v. Cleveland*, 2003-Ohio-3319, ¶ 7. "The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function." *Id.* at ¶ 7, citing *Greene Cty. Agricultural Soc. v. Liming*, 89 Ohio St.3d 551, 556-557 (2000); R.C. 2744.02(A)(1). This immunity, however, is not absolute. *Id.*, citing R.C. 2744.02(B); *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998).

{¶ 21} "The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability." *Id.* at ¶ 8, citing *Cater* at 28. These exceptions are:

1. Negligent operation of a motor vehicle by an employee;

2. Negligent performance of employees while carrying out a proprietary function;

3. A municipality's negligent failure to keep roads in repair and remove obstructions from public roads;

4. Injury or loss that occurs on or within buildings used for governmental functions and is caused by the negligence of the municipality's employees; and

5. Any other situation in which civil liability is expressly imposed by the Revised Code.

R.C. 2744.02(B).

{¶ 22} If any of the exceptions to immunity in R.C. 2744.02(B) apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses set forth in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability. *Colbert* at ¶9.

{¶ 23} In this case, Jones alleges a defamation claim. Jones, however, has failed to set forth how his claim falls within the exceptions to R.C. 2744.02(B). Moreover, we have consistently held that political subdivisions are immune from intentional tort claims because R.C. 2744.02(B) includes no specific exceptions for intentional torts. *Yankovitz v. Greater Cleveland Regional Transit Auth.*, 2023-Ohio-2584, ¶ 39 (8th Dist.), citing *Fried v. Friends Breakthrough Schools*, 2020-Ohio-4215, ¶ 24 (8th Dist.), citing *Wingfield v. Cleveland*, 2014-Ohio-2772, ¶ 9 (8th Dist.), citing *Walsh v. Mayfield*, 2009-Ohio-2377, ¶ 12 (8th Dist.); *see also Chase v. Brooklyn City School Dist.*, 141 Ohio App.3d 9, 19 (8th Dist. 2001). Therefore, the

trial court properly found that governmental immunity applies to the County and the City and dismissed Jones's complaint.

{¶ 24} Accordingly, the fifth assignment of error is overruled.

{¶ 25} In the first assignment of error, Jones states the trial court erred by not allowing the case to proceed without discovery. In the second assignment of error, Jones states the trial court erred in not applying Fed.Civ.R. 21 and Civ.R. 21 to assist in the proper joinder of the parties. In the third and fourth assignments of error, Jones states that his constitutional rights were violated. In the sixth assignment of error, Jones states the court erred by not separating "principals from agents for precise and proper litigation[.]" Within these assigned errors, Jones either raises arguments for the first time on appeal, has not demonstrated any violation of his constitutional rights, or our disposition of the fifth assignment of error renders the remaining assigned errors moot.[2] App.R. 12(A)(1)(c).

{¶ 26} Therefore, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

[2] "'Arguments raised for the first time on appeal are generally barred.'" *Hoffman v. Cheselka*, 2020-Ohio-3594, ¶ 14 (8th Dist.), quoting *Cawley JV, L.L.C. v. Wall St. Recycling, L.L.C.*, 2015-Ohio-1846, ¶ 17 (8th Dist.), and citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982).

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR